LOUISVILLE AND NASHVILLE RAILROAD Co. *v.* JOHN McCOLLISTER.

1. JUSTICE OF THE PEACE.   *Several suits ; judgment by default without service in all.*
     Where three distinct claims in favor of one plaintiff against the same defendant are filed with a justice of the peace for suit, and separately docketed, but summons for the defendant is served and he appears in but one case, the court does not thereby obtain jurisdiction of the defendant, so as to render judgment in the other two cases without defendant's consent.

2. JUDGMENT WITHOUT APPEARANCE.   *Appeal. Jurisdiction of appellate court.*
     If in such case judgment is rendered against the defendant in the only suit in which he appears, and, upon his declining to appear in the other two suits,, the justice renders judgment by default against him in the same judgment. for the amount of these two claims, and from the judgment for this aggregate sum an appeal is taken to the circuit court, that court should try anew only the suit in which the defendant appeared.

3. CONSOLIDATING SUITS.   *Improper where amount consolidated exceeds jurisdiction.*
     A justice of the peace has no power to consolidate separate and distinct suits.

upon his docket between the same parties, where the aggregate of the demands exceeds one hundred and fifty dollars.

4. SUPREME COURT PRACTICE.  *Remittitur.*

Where a judgment covering several distinct demands, originating in the justice of the peace court, is appealed from to the supreme court, and found correct as to only one of the demands, but void as to the others for want of jurisdiction over them, and it is impossible to ascertain what part of the costs in the lower court pertains to the claim that is sustained, the supreme court will not allow a remittitur because it cannot know how to justly apportion the costs.

APPEAL from the circuit court of Harrison county.

HON. S. H. TERRAL, Judge.

The facts are sufficiently stated in the opinion.

*W. P. & J. B. Harris*, for appellant.

It was manifestly error for the circuit judge to order the " cases " to be consolidated, and proceeded with as one case.    The matter came to the circuit court on one judgment, with one appeal-bond, in a suit in which only one summons had been issued, and no consolidation could there be had.

The case should have been dismissed for want of jurisdiction in the magistrate's court ; the judgment was *coram non judice.* It was a barefaced attempt by the justice to acquire jurisdiction by splitting the account, and trying each item as a separate suit, and this proceeding was clearly an afterthought on the part of the justice. This court will not tolerate such practice. *Harrington* v. *Fenn*, 54 Miss. 733.   Undoubtedly the plaintiff had three separate causes of action, on which he could have brought three separate suits if he had seen fit to do so, but he did not do this, and he could not on the trial accomplish the same result by treating each item as a separate suit.

The justice of the peace could not issue a single summons for three separate suits, and enter a single judgment, and take only one appeal-bond covering three.   The judgment must be reversed.

*Elliot Henderson*, for appellee.

The question of consolidating suits has been fully discussed at this term in the case of *McLendon* v. *Pass*, and comment as

to that is unnecessary, save to suggest that the error (if any) committed by the lower court in this particular, has by increasing the amount involved given this court appellate jurisdiction when otherwise it would not have possessed it, and in case the court should reverse the action of the lower court for other reasons, it is hoped the appellant will be taxed with the costs.

COOPER, J., delivered the opinion of the court.

The appellee filed with a justice of the peace three several causes of action against the Louisville and Nashville Railroad Company for injury done to his stock on three several occasions. The justice of the peace seems to have docketed the claims as three separate actions, but issued only one subpœna for the defendant. The defendant appeared by counsel in one case and moved to consolidate the three suits, which motion was overruled, and thereupon, as the record shows, the justice proceeded to try the claim for damages claimed for the killing of a certain heifer (being one of the claims filed), and gave judgment in favor of plaintiff. The record then proceeding states that the attorney for the company, declining to proceed in the other cases, a judgment by default was rendered against the company for one hundred and thirty-five dollars, being the amount claimed in both of the other claims. In other words the justice on the trial of the suit for damages to the heifer, rendered judgment in that case for thirty-five dollars, and at the same time and in the same judgment rendered a judgment in the other two cases for one hundred and thirty-five dollars.

The aggregate sum thus awarded was one hundred and seventy dollars, and the defendant was permitted and did appeal from it as one judgment. In the circuit court he moved to dismiss the cause for want of jurisdiction in the justice of the peace, because the sum demanded exceeded one hundred and fifty dollars. The court, treating the cases as having been independent ones in the justice's court, overruled the motion, but ordered the cases to be then consolidated and proceeded with the trial, which resulted in a judgment for plaintiff for one hundred and twenty-five dollars, from which this appeal is taken.

It is manifest that there were either three suits before the justice of the peace, or one.   If there were three the court had no jurisdiction over the person of the defendant save in one, for there was only one summons issued, and appearance in only case.   If there was only one suit before the justice, he had no jurisdiction of the subject-matter for the demand exceeded one hundred and fifty dollars.   The justice has not done or failed to do anything, the doing or omitting of which would throw light upon the question whether there was one or three suits in his court.   He treated the controversy as a single one for the purposes of process; as three for that of trial, and one composed of two for the purposes of judgment. Looking through the confusion caused by his blundering, we find that the plaintiff properly began three several suits, as he might rightly do, by filing three separate demands.   The confusion arose after this.   Applying the process served on the defendant to the suit in which it appeared (that for damages claimed by reason of the killing of the heifer) the judgment for thirty-five dollars awarded by the justice was within his jurisdiction, and all that followed the entry for that sum was surplusage.   No jurisdiction of the person of the defendant had been acquired in the other cases, and the circuit court acquired none by the appeal taken by the defendants.   That court should have proceeded to try that case only.   We would permit a remittitur to be entered here for all in excess of twenty-five dollars (that being the sum awarded by the jury for the killing of the heifer), but for the fact that we could not do justice to the parties in the matter of costs of the lower court.   The defendant is not to be charged with the fees of witnesses who testified to the trespasses involved in the other claims, and we cannot, in entering judgment here, protect him against such payment.   We can only unravel the tangle in which the controversy has become involved by reversing the judgment and remanding the cause to the circuit court in so far as it involves the claim for the injury done to the heifer for which one suit is brought, to be there tried.   And we direct that the papers referring to the other claims (for killing the mare and the cow) be returned to the justice of the peace.   These cases will there stand as mere

claims filed on which process has not issued, and to be proceeded with as such.

*Judgment accordingly.*