## James R. McDugle *v.* John D. Filmer.

1. **Process.** *Service. Justice of the peace. Jurisdiction.*

   Service of a summons by a justice of the peace who issued it is void, and does not confer jurisdiction over the person of the defendant.

2. **Same.** *Code* 1892, § 3445.

   Process can only be served by an officer authorized to do so by statute; code 1892, § 3445, authorizing the service of process in certain cases by justices of the peace, does not empower a justice of the peace to serve a summons issued by himself.

3. **Same.** *Certiorari.    Code* 1892, § 89. *Circuit court.*

   On certiorari from a justice of the peace the circuit court, being confined (code 1892, § 89) to questions of law arising on the record, is without jurisdiction of a cause in which the summons was served by the justice of the peace who issued it.

4. **Same.**

   In cases arising before a justice of the peace the circuit court is without jurisdiction on appeal if the justice's court was without jurisdiction.

From the circuit court of DeSoto county.

Hon. Z. M. Stephens, Judge.

Filmer, the appellee, was plaintiff, and McDugle, appellant, was defendant in the court below.

The facts are stated in the opinion of the court.

*R. L. Dabney,* for appellant.

The fact that the justice who issued the summons had attempted to execute it, gave the justice's court no more jurisdiction of the defendant than would a verbal message to come to court (*Arnold* v. *Wynn,* 26 Miss., 338), and the judgment rendered under these circumstances might have been attacked collaterally.    Hence when it was brought to the attention of the circuit court, that a judg-

ment had been rendered by a justice's court, which had not acquired jurisdiction of the person of the defendant, the proper thing for the circuit court to have done would have been to reverse, which it did in this case, and then enter up such judgment as the justice ought to have entered, *i. e.*, to have refused to adjudicate a cause in which the defendant was not before the court, either by actual or constructive service of process or by appearance.

This court has never held that a trial on the merits should be permitted in the circuit court, upon certiorari, to procure the review by the circuit court of a *void* judgment of a justice of the peace. An appeal from such a judgment does not invest the circuit court with jurisdiction. *Dufour* v. *Chapotel*, 75 Miss., 656. The case was before the court on a question of law, viz., whether a justice of the peace could execute original process issued by himself. And when that question was determined in the negative, and the void judgment of the justice was reversed there was nothing further for the court to try. *Louisville, etc., R. R. Co.* v. *McCollister*, 66 Miss., 106; *Joiner* v. *Bank*, 71 Miss., 382; *Kramer* v. *Holster*, 55 Miss., 243.

*St. John Waddell*, for appellee.

The petition and bond for certiorari is an entry of appearance by the defendant in the case, sufficient to give a circuit court jurisdiction to render whatever proper judgment should be rendered in the cause. It would have been error for the court to have dismissed plaintiff's case. *Evans* v. *Southern Ry. Co.*, 74 Miss., 230; *Tabler* v. *Bryant*, 62 Miss., 350.

Argued orally by *R. L. Dabney*, for appellant.

Terral, J., delivered the opinion of the court.

On the seventeenth day of February, 1900, J. D. Filmer filed for suit before J. P. Buford, justice of the peace of DeSoto county, his claim for $200, and a summons was issued by said

Opinion of the court.

justice returnable at Lake Cormorant on the twenty-fourth day of February, 1900, and said summons was executed by the justice himself in due time, and, McDugle not appearing as required by said summons, a judgment by default was rendered against him for $200. Thereafter an execution issued upon said judgment, and was levied upon the property of McDugle, when, by certiorari, his complaint was brought before the circuit court of DeSoto county. The circuit court of DeSoto county proceeded to try the case *de novo*, and rendered judgment against McDugle for $200 and interest thereon, and from that judgment McDugle appeals. The circuit court of DeSoto county had no jurisdiction to try the case, because the only jurisdiction it could have was the jurisdiction of the justice of the peace, Buford, and Buford had no jurisdiction whatever. Jurisdiction is either in regard to the subject-matter of the suit or the person sued. And, whatever may be true as to the jurisdiction of Justice Buford as to the matter in controversy— upon which we pass no opinion—yet undoubtedly he acquired no jurisdiction of the defendant, McDugle, by the service of process upon him made by himself. Process may be served only by the person designated in the code relating to this subject, and unquestionably nowhere is a justice of the peace authorized to execute process issued by himself. Such service is a nullity, and confers no jurisdiction, and is of no more force than if not made at all. It was a nullity, and was rightly disregarded by McDugle. *Kyle* v. *Kyle*, 55 Ind., 387; Works, Courts & Jur., p. 211. When a case decided by a justice of the peace is brought by certiorari before the circuit court, that court is, by the express provisions of code 1893, § 89, confined to the examination of questions of law appearing upon the face of the proceedings, and in case of reversal should enter up such judgment as the justice ought to have entered, if the same be apparent. Now, it must be clear that the justice of the peace had no authority to enter any judgment, but should have issued process for the defendant, directed to the constable of the district, or

to the sheriff of the county; and the case must be returned to Justice Buford, or to his successor in office, that it may be proceeded with in an orderly manner by a legal service of notice. By the authority above quoted, Justice Buford had no jurisdiction of the defendant, and so there has never been a trial in a justice of the peace court, and, until tried in such court, it can have no place in the circuit court. The infirmity in the case is the want of jurisdiction in the justice's court and in the circuit court of the person of the defendant. In cases arising before a justice of the peace, the circuit court can have no jurisdiction unless the justice had jurisdiction of it. *Glass* v. *Moss*, 1 How., 519; *Morris* v. *Shryock* 50 Miss., 596, 597. *Railroad* v. *McCollister*, 66 Miss., 106 (5 So., 695), was very similar in its leading aspect to the case here before us, and there this court sent back to the justice of the peace court two causes of action, which had got into the circuit court, and were there consolidated with another cause of action, and passed into judgment, because no notice of said two causes of action had been given to the defendant in the case before the justice of the peace. And so the judgment in the circuit court against Mc-Dugle is reversed, and the case remanded to that court, with directions that it reverse the judgment of the justice of the peace, and return the case to him that a summons may issue for the defendant, and that it proceed according to due course of law.

*Reversed and remanded.*