## J. S. CAIN v. C. A. SIMPSON.

1. JUSTICE OF THE PEACE. *Civil jurisdiction.*
   The civil jurisdiction of justices of the peace is defined in §§ 1302 and 1303, Code of 1871; the former defines the subjects, the latter the territorial limits.

2. SAME. *Want of jurisdiction. Case dismissed.*
   When a freeholder and householder is sued in a district other than his proper district, and the question of jurisdiction is presented to the magistrate, he has no power to transfer to the proper district, but must desist altogether from further cognizance of the suit.

3. SAME. *Actions. Where to be instituted. Rule.*
   The creditor must sue his debtor, who is a freeholder or a householder, in the district in which he resides, if there be a magistrate acting therein, or in the district in which the debt was contracted or the

property is situated. If there are two or more defendants, he may issue process for the non-resident of the district in which the suit is brought to any other district or part of the county, or to any other county, and acquire jurisdiction over all of them. Suit against a freeholder or householder should be brought in the county of his residence; but if the defendant has neither a freehold nor residence, he may be sued in any county where found.

ERROR to the Circuit Court of Chickasaw County.

Hon. J. A. GREEN, Judge.

C. A. Simpson, the defendant in error, was sued in Chickasaw County, before a justice of the peace. The defendant was a resident householder in Monroe County, but was on a visit in Chickasaw when the suit was brought and summons served upon him. The debt sued on was contracted in the district of the justice of the peace before whom suit was instituted. The defendant appeared and filed his affidavit, stating that he was " a householder and resident citizen of Monroe County, and that he did not reside in Chickasaw County," and moved the justice to dismiss the case for want of jurisdiction. The justice of the peace overruled the motion, and gave judgment for the plaintiff. The defendant appealed to the Circuit Court, and there renewed his motion to dismiss, based upon an agreed statement of facts. The Circuit Court sustained the motion and dismissed the case, for want of jurisdiction in the justice of the peace. To the judgment of the Circuit Court upon the motion to dismiss the plaintiff sued out a writ of error, and brings the case to this court.

*J. N. Carlisle*, for the plaintiff in error.

The only question involved in this cause is the construction of the statute, § 1303, Rev. Code 1871 : " The jurisdiction of every justice of the peace shall be coextensive with his county, and he may issue any process in matters within his jurisdiction, to be executed in any part of his county ; but every freeholder or householder of the county shall be sued in the district in which he resides, if there be a justice acting therein and qualified to try such suit, or in the district in which the debt was contracted, the liability incurred, or in which the property may be found." The only question, then, is whether a citizen of one county can be sued in an action not local in a county

and district in which the liability was incurred, different from the county of his then residence and household. The spirit of the law is manifest when we observe the provisions of the Code in §§ 522, 719, when parties are sued in transitory actions. The justice of the peace has power to issue process to other counties, even when there is more than one defendant. Sect. 1320, Code 1871, recites : " And such justice shall have power, and is hereby authorized, to issue a summons or other process, to bring in all co-defendants from any other district in the county where the suit is brought, or from any other county in this State." Execution may issue to any other county in which the defendant may reside. *Stevens* v. *Manning*, 5 Cushman, 481. The statute expressly says that suit can be brought " in the district in which the debt was contracted." Sect. 1303, Rev. Code 1871.

*Buchanan & Houston*, for the defendant in error.

We insist that the justice court is a statutory and not a common-law court: 10 S. & M. 154; and that it has only such jurisdiction as is given it by the statutes of the State. The only statute defining the civil jurisdiction of a justice of the peace is found in c. 10, §§ 1302, 1303, Code 1871 ; and the last section limits the jurisdiction of the justice to his own county, and provides that every householder shall be sued in his own district, or in the district of the county in which the debt was contracted. Sect. 522, Code 1871, and of 1873, p. 64, and § 719, Code 1871, refer to the jurisdiction of the Circuit Court, and to a change of venue to the county of defendant's residence in cases where he is a householder. There is no provision for a change of venue from a justice court to the county of a defendant's residence when he is a freeholder or householder. A householder or freeholder cannot be sued in a county other than that of his residence, in a justice court; and suit is even required to be brought in that justice district in which the defendant resides, and, if sued out of his district in his county, such suit would be dismissed for want of jurisdiction.

SIMRALL, C. J., delivered the opinion of the court.

C. A. Simpson, a householder and resident citizen of Mon-

roe County, being in Chickasaw County, was there sued before
a justice of the peace. He moved to dismiss the cause for
want of jurisdiction. The motion was overruled, and judg-
ment *quod recuperit* entered against him. He appealed to the
Circuit Court, and there renewed the motion, which was sus-
tained ; and to that judgment this writ of error has been sued
out.

The civil jurisdiction of justices of the peace is defined in
§§ 1302, 1303, Code of 1871 ; the former defines the subjects,
the latter the territorial limits. It "shall be coextensive with
his county ; he may issue any process in matters within his
jurisdiction, to be executed in any part of his county ; but
every freeholder and householder shall be sued in the district
in which he resides, if there be a justice acting therein, and
qualified to try such suit, or in the district in which the debt
was contracted, the liability incurred, or in which the property
may be found." Sect. 1320 provides for a case where there is
more than one defendant ; then suit must be brought in the
district where either defendant resides, and process may go to
any part of the county for the other, or to any other county of
the State.

The policy of the legislation seems to be that a plaintiff, in
personal suits which are not local in their character, must
sue a citizen of the State in the county of his residence.

In the Circuit Court law, § 522, above cited, suits may be
brought in that county where "the defendants, or any one of
them, may be found." But the final clause of the section gives
the right to the "citizen" to remove the cause to the county
of his residence, on showing "that his residence is really in
another county." If Simpson had been sued in the Circuit
Court of Chickasaw County, he could have procured the trans-
fer of the suit to Monroe County. If such application is not
made, he submits to the jurisdiction, and waives his right.

There is no provision in the justice of the peace law for the
removal of a suit to the district in which the defendant, a
freeholder or householder, resides, when sued in some other
district. The consequence of a failure to sue a freeholder and
householder in his proper district is a question of jurisdiction,
and, when the fact is presented to the magistrate, he has no

power to transfer to the proper district, but must desist altogether from further cognizance of the suit.

Considering all the enactments on the subject together, we think this to be a correct summary.

The creditor must sue his debtor, who is a freeholder or a householder, in the district in which he resides, if there be a magistrate acting therein, or in the district in which the debt was contracted or the property is situated. If there are two or more defendants, he may issue process for the non-resident of the district to any other district or part of the county, or to any other county, and acquire jurisdiction over all of them.

Whilst the statutes are so cautious and precise in giving the freeholder or householder the benefit of the local jurisdiction of the county of his residence or freehold, we cannot suppose that the legislature meant to allow suits against a "freeholder" or "householder" to be brought in any other county, where business or inclination may take him. If a resident citizen of Hinds is casually found in Marshall County, and there sued before a justice of the peace, however inconvenient it may be to make his defence at so remote a place, he cannot procure a transfer of suit to the county of his residence. His remedy is to except to the jurisdiction, and compel the plaintiff to litigate with him in his county.

Nor does this interpretation of the statute produce mischief or hardship. If the defendant has neither a freehold nor residence, he may be sued in any county where he may be found.

We think the magistrate in Chickasaw County did not have jurisdiction.

It was proper, therefore, to sustain the motion.

*Judgment affirmed, motion sustained and suit dismissed for want of jurisdiction in justice of the peace.*