Sept., 1925] Mississippi Cent. R. Co. *v.* Calhoun. 289

140 Miss.]                                    Syllabus.

Mississippi Cent. R. Co. *v.* Calhoun.*

(Division B.   Oct. 19, 1925.)

[105 So. 519.   No. 25098.]

1. CORPORATIONS. *Service of process on former agent of domestic corporation, who is not at time of service agent, held not to confer jurisdiction of person in absence of appearance.*

   Service of process upon a former agent of a domestic corporation, who is not at the time of the service its agent, is void, and does not confer jurisdiction of the person in the absence of an appearance.

2. JUSTICES OF THE PEACE. *After entry by justice of peace of judgment on void process without appearance, defendant may appeal and plead to jurisdiction of court without entering appearance.*

   Where a justice of the peace rendered a judgment upon a void process where there was no appearance, a defendant may thereafter appeal and plead to the jurisdiction of the court without entering appearance. *Heggie* v. *Stone*, 70 Miss. 39, 12 So. 253, cited.

*Headnotes 1.  Corporations, 14a C. J., Section 2912; 2. Justices of the Peace, 35 C. J., Section 477 (Anno.)

APPEAL from circuit court of Perry county.

HON. W. L. CRANFORD, Judge.

Action by F. A. Calhoun against the Mississippi Central Railroad Company. From a judgment for plaintiff by a justice of the peace, defendant appealed to the circuit court, and from its judgment for plaintiff in a trial *de novo,* defendant appeals. Reversed and dismissed.

*T. Brady* and *Hannah & Simrall,* for appellant.

The error of the trial court in overruling the appellant's motion to dismiss the case for lack of jurisdiction is so patent that only a statement of facts is necessary to demonstrate it. By section 708, Code of 1906 (section

487, Hemingway's Code), it is provided that, "Actions against any railroad . . . corporation . . . may be brought in any court in which any part of such railroad . . . line may be." By this section of the Code, the bringing of a suit against a railroad corporation is expressly restricted to a court in the jurisdiction of which some part of its line of railroad may be. It conclusively appears from the facts in this case that on the date this suit was filed no part of the appellant's line of railroad lay within the jurisdiction of the justice of the peace in whose court the suit was brought. Therefore, the justice of the peace may have been without jurisdiction of the person of the appellant railroad company. The appellant made timely objections to the jurisdiction of the court by making its motion to dismiss the case in the circuit court. It is an elementary principle that the circuit court on appeal has no other or further jurisdiction than the justice of the peace court had, and since the justice of the peace court had no jurisdiction of this case, the circuit court was likewise without jurisdiction.

The rule was laid down by our supreme court in 1876 in *Cain* v. *Simpson*, 53 Miss. 521, that where the justice of the peace court had no jurisdiction of a case, and motion was made in the circuit court on appeal to dismiss the case for lack of jurisdiction of the justice of the peace, that the circuit court was bound to dismiss the case, and could not take jurisdiction of the case nor remand it to the court of a justice of the peace having jurisdiction.

Section 3932, Code of 1906 (section 2939, Hemingway's Code), provides upon what officers, agents, employees or servants of a railroad company the process of the courts of this state may be executed. It affirmatively appears from the record in this case that the H. C. Hughes upon whom the process was executed was not any such officer, agent, employee or servant of the appellant upon whom the process in this case could be legally

executed. The court was therefore, without jurisdiction to try this case because the defendant had not been properly brought into court. Timely objection was made to this by the appellant's motion to dismiss the case. The motion should have been sustained on this ground if no other.

*A. T. L. Watkins* and *H. D. Young,* for appellee.

We would not deny or challenge the law as announced by the learned counsel for appellant, if it had been supported by the facts. It will be discovered that appellant had what is termed "scrambling possession" at the time suit was filed. Section 4094, Hemingway's Code, provides for such cases, and, besides, there was no objection to the service of the process in the justice of the peace court, but they promptly appealed to circuit court. The service shows that H. V. Hughes was their agent at the time of the injury to the animal, and it is not now denied, nor was it ever denied; neither have they denied receipt of the copy to this good hour. Counsel for appellant were present at the trial in justice court and should have there interposed their special appearance to test the jurisdiction. If they had come into circuit court and plead that they had no opportunity to interpose such special plea in justice court, it would have been different, but the date of judgment in justice court and appeal show their presence and notice.

*T. Brady, Jr.,* and *Hannah & Simrall,* in reply for appellant.

Counsel for the appellee state in their brief that the appellant had, at the time this suit was filed, what is denominated "a scrambling possession" of the line of railroad in question. We are not familiar with this term of "scrambling possession." The agreed statement of facts on the appellant's motion to dismiss this case

shows conclusively that the appellant did not own and was not operating the line of railroad here in question at the time suit was filed, and that, therefore, it did not have any "possession" of this line of railroad.

Counsel for appellee next say that section 920, Code of 1906 (section 4094, Hemingway's Code), gave the justice of the peace court jurisdiction of this case, and also that the process in this case was properly served in accordance with this section of the Code. An inspection of this section of the Code discloses that it deals with suits against foreign corporations only, while this suit is brought against a railroad company which is a domestic corporation. The jurisdiction of the justice of the peace court in this case must be determined by sections 708 and 2724, Code of 1906 (sections 487 and 2223, Hemingway's Code), and we again submit that under the law of this state, as announced by these two sections of the code, the justice of the peace in this case had no jurisdiction of this case.

Counsel for the appellee next insist that the appellant could not interpose its objections to the jurisdiction in the circuit court but that it was bound to do so in the justice of the peace court. It is a well-settled rule in Mississippi that the circuit court on appeal has no other or further jurisdiction than the justice of the peace court had. *Askew* v. *Askew,* 49 Miss. 301; *Bell* v. *West Point,* 51 Miss. 262; *Posyon* v. *Mhoon,* 49 Miss. 620; *Dufour* v. *Chapotel,* 75 Miss. 656, 23 So. 387. The case of *Dufour* v. *Chapotel,* 75 Miss. 656, 23 So. 387, expressly holds that a defendant may interpose his objection to the jurisdiction of the justice of the peace court for the first time in the circuit court. The cases of *Dufour* v. *Chapotel,* 75 Miss. 656, 23 So. 387, and *Adams* v. *Fidelity Mutual Insurance Company,* 94 Miss. 433, 49 So. 119, expressly hold that the taking of an appeal by a defendant from the justice of the peace court to the circuit court does not operate as an appearance in the case and will not confer jurisdiction on the circuit court to try the

same when the justice of the peace court has no jurisdiction.

Argued orally by *Jas. Simrall, Jr.,* for appellant and *A. T. L. Watkins,* for appellee.

Ethridge, J., delivered the opinion of the court.

F. A. Calhoun, the appellee, sued the appellant for the value of a cow alleged to be killed by the appellant railroad company, who at the time of the killing operated a line of railroad in the county and through the district of the justice of the peace where the cause originated. However, at the time the suit was filed, the appellant had discontinued the operation of the railroad, and the line of railroad was being operated by another concern, and the appellant at the time the suit was filed had no agent in the justice court district where the suit originated. When suit was filed the process was served upon the former agent of the appellant, who appears at the time of the service to have still occupied an office in the justice district, being engaged in the service of the successor of appellant in that operation. The return of the constable showed personal service of a named person, "former agent of the Mississippi Central Railroad Company." There was no appearance in the justice court, and trial proceeded on writ of inquiry. A judgment was rendered against the appellant for the value of the cow. Within the time allowed by law to procure appeals, and subsequent to the adjournment of the justice court, an appeal was prosecuted to the circuit court, and there a plea to the jurisdiction of the court was filed, challenging the jurisdiction of the justice court and consequently of the circuit court, the circuit court having no greater jurisdiction than the justice of the peace had. The circuit court held that it had jurisdiction, and the cause was tried *de novo,* resulting in a judgment against the appellant.

We think it was error to sustain the jurisdiction in the justice court under the facts stated. There was no jurisdiction in the justice court to entertain suit, and it was not too late to raise the question in the circuit court. The circuit court had no greater jurisdiction than the justice of the peace had, and if the justice court had no jurisdiction the circuit court acquired none. *Cain* v. *Simpson,* 53 Miss. 521; *Heggie* v. *Stone,* 70 Miss. 39, 12 So. 253.

The judgment will therefore be reversed and the cause dismissed.

*Reversed and dismissed.*