TURNER v. WILLIAMS.

(Division B. Feb. 15, 1932.)

[139 So. 606. No. 29809.]

**Wm. Lofton,** of Mendenhall, for appellant.

260

W. D. Dunn, of Mendenhall, for appellee.

Anderson, J., delivered the opinion of the court.

The appellee sued the appellant in the court of a justice of the peace of Simpson county on an itemized sworn account for fifty-seven dollars and fifty-nine cents, and recovered a judgment by default for the amount sued for. From that judgment the appellant appealed to the circuit court of that county, where there was a trial resulting in a verdict and judgment in appellee's favor for the amount sued for. From that judgment the appellant prosecutes this appeal.

The only question in the case for serious consideration is one of jurisdiction. The justice of the peace before whom the suit was brought had jurisdiction of the subject-matter, and if the appellant had been properly served with process would have had territorial jurisdiction and jurisdiction of the person of the appellant. But the service of the summons on the appellant was void under the following state of facts: Summons was issued by the justice of the peace for the appellant on July 25, 1929, and served on July 29, 1929, but was made returnable on July 10, 1929—a past date—and therefore an impossible return day. The appellant failing to appear, judgment by default was rendered against him by the justice of the peace on August 10, 1929. From that judgment the appellant appealed to the circuit court, and in the circuit court made a motion to quash the process and dismiss the cause for want of jurisdiction in the justice of the peace court and therefore in the circuit court. This motion was overruled; thereupon the cause was tried on its merits, resulting in the judgment in appellee's favor.

A summons to appear on a past day is void. The court acquires no jurisdiction of the person of the defendant. Hendricks v. Pugh, 57 Miss. 157.

The appellee concedes that the justice of the peace had no jurisdiction of the person of the appellant, but contends that the appellant, by his motion in the circuit court to quash the process and dismiss the cause for want of jurisdiction, voluntarily appeared to the cause and thereby waived the failure to serve summons on him as required by law. Illinois Cent. Railroad Co. v. Swanson, 92 Miss. 485, 46 So. 83, decided this question in favor of appellee's contention. That was an action before a justice of the peace where judgment by default without personal service was had against the defendant, who appealed to the circuit court, where he made a motion to quash the process and to dismiss the cause for want of

jurisdiction. The motion was overruled by the circuit court; and on appeal to the Supreme Court, this court held with the circuit court that under sections 3946 and 3947, Code of 1906 (especially the first section), of which sections 2999 and 3000 of the Code of 1930 are rescripts, the defendant by his motion voluntarily appeared, and thereby waived the want of jurisdiction of his person. There is no such thing as a special appearance in the courts of this state. McCoy v. Watson, 154 Miss. 307, 122 So. 368.

Where a court has jurisdiction of the subject-matter and suit is brought in the proper venue, the appearance of the defendant in the cause for any purpose is an appearance for all purposes. It is a general appearance. It is a waiver of the want of process on defendant. This principle, however, has nothing to do with the right of a defendant to have a cause dismissed where the court is without jurisdiction of the subject-matter, or where there is a lack of territorial jurisdiction. In such case the defendant has the right to plead, in abatement of the cause, the want of jurisdiction; his appearance for the purpose is not a limited appearance. It is general; nevertheless it does not waive such want of jurisdiction. Mississippi Cent. Railroad Co. v. Calhoun, 140 Miss. 289, 105 So. 519; Heggie v. Stone, 70 Miss. 39, 12 So. 253; and Cain v. Simpson, 53 Miss. 521, were all cases where the court was without territorial jurisdiction. The court held in those cases that the defendant could appear and object to the jurisdiction of the court without waiving the jurisdiction.

As shown above, this is a cause in which the court had jurisdiction of the subject-matter, including territorial jurisdiction; there was only the lack of jurisdiction of the person, and, by appeal and appearance in the circuit court and motion to quash the process and dismiss the appeal for want of jurisdiction, the appellant waived the

lack of process on him. It is true the result is that appellant is deprived of a trial of the cause before the justice of the peace, but that was brought about by his own misconception of the remedy to pursue. He should have either enjoined the execution of the judgment of the justice of the peace, or taken the cause up to the circuit court on writ of certiorari under section 72 of the Code of 1930. If he had pursued the latter course, the circuit court would have reversed the judgment of the justice of the peace and sent the cause back to the justice of the peace to be proceeded with legally. McDugle v. Filmer, 79 Miss. 53, 29 So. 996, 89 Am. St. Rep. 582.

Affirmed.