NICHOLSON *v.* GULF, MOBILE & NORTHERN R. CO.

(Division A.   Feb. 8, 1937.)

[172 So. 306.   No. 32536.]

**Jas. A. Cunningham,** of Booneville, for appellant.

**Fred B. Smith,** of Ripley, for appellee.

848

Argued orally by **Jas. A. Cunningham,** for appellant, and by **Fred B. Smith,** for appellee.

**Cook, J.,** delivered the opinion of the court.

Appellant was seriously injured at Jackson, Tenn., in a collision between a truck on which he was riding,

and a freight train operated over the tracks of the Gulf, Mobile & Northern Railroad Company. Paul Coleman, the driver of the truck, was a resident of the city of Jackson, in Madison county, Tenn., and, at the time of his injury, the appellant was temporarily a resident of the city of Jackson, Tenn., but shortly thereafter he returned to his former home at Booneville, in Prentiss county, Miss.

After the appellant had re-established his residence in Prentiss county, Miss., he filed this suit in Tishomingo county, Miss., against the Gulf, Mobile & Northern Railroad Company and Paul Coleman, the driver of the truck on which he was riding when he was injured, seeking to recover damages for personal injuries alleged to have been caused by the concurring negligence of the said defendants. Personal service of summons on the defendant Coleman in Tishomingo county was secured under circumstances hereinafter stated.

Pleas to the jurisdiction of the Tishomingo county court were filed by each of the defendants. The plea of the defendant Coleman alleged, in substance, that he was not legally found and served with process in Tishomingo county; that he had never resided in the state of Mississippi, but had continually been a resident of the state of Tennessee; that when he was induced to come into the state of Mississippi, he did not know that any suit was contemplated against him; that he was carried to Tishomingo county without his consent, and against his will, by stratagem, subterfuge, and deceit for the wrongful and fraudulent purpose of securing service of process on him in that county. The plea set forth at length the facts alleged to constitute fraud, not only upon the defendant but upon the court.

The plea of the defendant railroad company, after alleging the facts as to the residence of the parties, alleged that either the defendant Coleman was carried into Tishomingo county through fraud, trickery, strata-

gem, and deceit, for the purpose of securing process on him in that county, or that he was carried there through a fraudulent agreement entered into by and between the appellant and his attorney, on the one hand, and the said Paul Coleman, on the other, as a result of a fraudulent conspiracy on their part, to the end that the said Coleman would go to Tishomingo county and fraudulently permit service of process on him in an effort to fraudulently acquire jurisdiction of the defendant railroad company in the court of that county. It was further averred that in neither event did the court acquire jurisdiction of the railroad company, for the reason that if the said Coleman was carried into the county by subterfuge, trickery, or fraud, no jurisdiction was acquired of him, and, therefore, none was acquired of his joint defendant, the railroad company; and, furthermore, that if the appellant, his attorney, and the said Paul Coleman entered into a fraudulent conspiracy to carry the said Coleman into the county for the purpose of thereby acquiring jurisdiction of the defendant railroad company, this was a fraud both on the court and the railroad company, being a fraudulent and unlawful attempt to defeat the statutes of the state of Mississippi relative to venue and jurisdiction in such matters.

Upon the evidence offered at the hearing of these pleas, the court held that the defendant Paul Coleman had not been carried into Tishomingo county through trickery, subterfuge, or deceit against his will, but that he had voluntarily gone into that county through an agreement with the plaintiff and his attorney; and his plea to the jurisdiction was overruled. As to the plea of the defendant railroad company, the court held that the undisputed facts show that, by collusive agreement with the appellant, who then resided in Prentiss county, Miss., the defendant Coleman came into Mississippi and Tishomingo county, and there submitted to the service

of process solely and only for the purpose of conferring jurisdiction upon the circuit court of Tishomingo county against the defendant railroad, which did not have any line of railroad in that county, nor any office or agent in that county on whom process could be served, and that this constituted a fraud upon the court which required a dismissal of the suit as to the railroad company. This appeal is prosecuted from the order of the court dismissing the cause as to the railroad company.

On the day before the declaration in this cause was filed, in response to a telephone call from the defendant Coleman, the attorney of record for appellant, his son, and the son of appellant, drove to Jackson, Tenn., to interview Coleman. In this interview it was arranged that Coleman and his wife would go with them to Mississippi to spend the night at the home of the appellant, and that they would be returned to Jackson, Tenn., the next day in the attorney's automobile. This arrangement was carried out; and on the following morning Coleman and his wife started on the return trip in the said attorney's automobile, driven by an employee of the attorney, and accompanied by a son of the appellant. The automobile did not proceed on the direct route to Jackson, Tenn., but went to Iuka, the county seat of Tishomingo county, where the declaration in this cause was filed by the driver of the automobile, and service of summons on Coleman was had. The party then proceeded to Coleman's home in Jackson, Tenn.

The foregoing facts are undisputed; but Coleman and his wife testified that they merely came to Booneville, Miss., for a visit with the appellant, upon the promise that they would be returned to their home in Jackson, Tenn., on the next day; that until they discovered themselves at the courthouse in Iuka, Miss., they did not know that a suit against Coleman was contemplated; that they were not familiar with the roads from Jackson, Tenn., to Booneville, Miss., and did not realize that

they had been carried into Tishomingo county until Coleman learned that fact after arriving at Iuka, Miss. Coleman and his wife denied that they agreed to go to Iuka for the purpose of having process served on Coleman, but asserted that the presence of Coleman in Tishomingo county was secured by fraud and trickery, and without his consent.

The several parties who accompanied Coleman and his wife on the trip from Jackson, Tenn., to Mississippi, and returning therefrom, denied that the presence of Coleman in Tishomingo county, Miss., was secured by trickery, stratagem, or deceit, and they testified that he came into Mississippi and Tishomingo county under a distinct agreement that he would do so for the express purpose of submitting to process in that county, in order to acquire jurisdiction in that county against the railroad company. It was further testified by these witnesses that the desire and purpose of the parties to sue the railroad company in Tishomingo county, and the fact that it had no line of railroad and no agent in that county, and, furthermore, that jurisdiction against the railroad company could only be secured in that county by having the said Coleman go there for the purpose of permitting service of process on him, was fully discussed and understood by the appellant, his attorney, and the said Coleman.

In challenging the jurisdiction of the court by its plea in abatement, the appellee did not waive jurisdiction of the court, as it is well settled in this state that where there is a lack of venue or territorial jurisdiction, a defendant does not waive jurisdiction by pleading that fact. Turner v. Williams, 162 Miss. 258, 139 So. 606; Arnett v. Carol C. & Fred R. Smith, Inc., 165 Miss. 53, 145 So. 638; Mississippi Central Railroad Co. v. Calhoun, 140 Miss. 289, 105 So. 519; Grenada Bank v. Petty, 174 Miss. 415, 164 So. 316. The appellee had no right to secure a change of the venue of the cause under or by

virtue of the provisions of section 495, Code 1930, as it was expressly held in Plummer-Lewis Co. v. Francher, 111 Miss. 656, 71 So. 907, that the right to a change of venue is not thereby given to a corporation.

Section 496, Code 1930, fixes the venue of actions against railroad corporations in any county in which any part of said railroad line or route may be, while section 495, Code 1930, provides that civil actions against individuals of which the circuit court has original jurisdiction shall be commenced in the county in which the defendant, or any of them, may be found.

In 15 C. J. 800, it is said that: "It is well established as a general rule that in a civil case a court will not take jurisdiction based on a service of process on a defendant who was brought within the reach of its process wrongfully or fraudulently, or by deceit or any other improper device, provided of course the wrong or deceit is chargeable to plaintiff. This rule is based not on a lack of jurisdiction but on the view that it is improper for a court to exercise a jurisdiction so obtained." And in support of this text, cases from many jurisdictions, including the Supreme Court of the United States, are cited.

While the court found that the defendant Coleman was not induced to come within the jurisdiction of the court by stratagem, trickery, or deceit, and the evidence fully supports this finding, it was established that if his presence in Tishomingo county was not so induced, then he came into that county under an agreement between him and the appellant for the sole purpose of permitting the appellant to sue the defedant railroad company in that county. Separate actions may be maintained against joint tort-feasors, and the right to join them in one action is one for the convenience of the plaintiff, which he may exercise at his election; but we do not think that by agreement with an alleged joint tort-feasor, collusive or otherwise, a plaintiff should be per-

mitted to fix the venue of the cause in any county of his choice, when so to do will destroy a statutory right of a joint tort-feasor as to the venue of the cause against him. We see no reason why a different rule should be applied in case a plaintiff, by agreement with one of two joint tort-feasors, intentionally accomplishes the destruction of the statutory right of the other to be sued in a fixed venue, from that applied when the same purpose and result is accomplished by deceit practiced on the said joint tort-feasor. In either case, the result accomplished is the same, and constitutes a fraud on the jurisdiction of the court, and the court should refuse to exercise jurisdiction so obtained. The right of a defendant to be sued in the venue fixed by statute is too valuable to permit it to be destroyed at the whim or will, or for the convenience, of a plaintiff, and a friendly defendant who may be joined. A lawful act does not become unlawful merely because it may be done by agreement between two parties; but if the purpose and result of the act is to defeat and destroy a right guaranteed by law to another, the act becomes fraudulent in its nature.

The cases of Gulf Refining Co. v. Moody, 172 Miss. 377, 160 So. 559, and Mecom v. Fitzsimmons Drilling Co., 284 U. S. 183, 52 S. Ct. 84, 76 L. Ed. 233, 77 A. L. R. 904, are not in conflict with the views herein expressed, as the question here presented was not involved or decided in either of those cases.

We are not unmindful of the fact that in the case of Knoxville Banking & Trust Co. v. Mershon, 152 Ky. 169, 153 S. W. 238, the Kentucky court held contrary to the views herein expressed; but we decline to follow the reasoning of that case. The judgment of the court below dismissing the cause as to the Gulf, Mobile & Northern Railroad Company will be affirmed.

Affirmed.