GREAT SOUTHERN BOX CO., et al. *v.* BARRETT, ADMRX.

No. 40484          May 6, 1957          94 So. 2d 912

*Butler, Snow, O'Mara, Stevens & Cannada,* Jackson; *J. B. Sykes, J. W. Walker,* Mendenhall, for appellants.

*Crisler, Crisler & Bowling,* Jackson; *Russell & Little, Magee,* for appellee.

APPELLANTS IN REPLY.

GILLESPIE, J.

This appeal involves three questions of venue. Suit was brought in the Circuit Court of Simpson County by Mrs. Leona Barrett, administratrix of the estate of Otis Barrett, deceased, herein called plaintiff, against Great Southern Box Company, Inc. of Mississippi, a corporation domiciled in Rankin County, hereinafter called Box Company, and Box Company's servant, W. D. Thompson, a resident citizen and householder of Lowndes

County, and A. W. McRaney, administrator of the estate of Sam Palmer, deceased, Palmer having died a resident citizen of Simpson County where letters of administration were granted to McRaney. The accident out of which the action arose occurred in Hinds County. The suit proceeded until plaintiff rested, at which time all defendants announced that they had no evidence. The jury returned a verdict in favor of McRaney, Administrator, and against Box Company and Thompson for $35,000. Plaintiff's deceased was riding in an automobile being driven by Sam Palmer, deceased, which vehicle was traveling west and which collided with a truck belonging to Box Company and being driven by Thompson which was traveling east. The truck cut to its left into the north lane of the highway. The vehicles collided. The point of impact was three or four feet north of the center line.

The suit was filed within six months after the appointment and qualification of McRaney, Administrator. McRaney, Administrator, did not raise the issue that he was prematurely sued. Box Company and Thompson filed a motion for change of venue in which it was contended that neither could be sued in Simpson County because neither was served with process in that county, the accident occurred in Hinds County, Box Company was domiciled in Rankin County, and Thompson was a resident householder of Lowndes County; that McRaney, Administrator, the only resident defendant in Simpson County, was sued within four days after McRaney, Administrator, was issued letters, and Section 612, Mississippi Code of 1942, provides that an administrator shall not be sued until after the expiration of six months from the date of letters of administration.

The question raised by this motion is whether a codefendant of an administrator may rely on Code Section 612 on motion for change of venue when the ad-

ministrator did not object to the suit being prematurely brought. The purpose of Section 612 is to allow time to the administrator to examine and understand the condition of the estate, to provide the means of paying debts, if practicable, without suit by collection of the assets; and to be advised of any demands against it which it may be necessary to defend. Ready v. Armistead, 31 Miss. 353. ██ ██ The administrator could have had the suit dismissed as to him if he had so moved, but he did not do so; therefore, the only party for whose benefit the statute was enacted waived the right to object to the suit being prematurely brought. 34 C. J. S., Executors and Administrators, Sec. 729, p. 730. Codefendants of the administrator are afforded no benefit or protection by the statute and have no right to raise it.

The second motion of Box Company and Thompson for change of venue was grounded on the allegation that McRaney, administrator, the local defendant, agreed to serve as administrator of the estate of Sam Palmer at the request of some of the attorneys representing plaintiff who prepared the papers in connection with the appointment and qualification of McRaney as such administrator; that no property has come into the hands of McRaney, administrator; that some of the attorneys representing plaintiff prepared the answer of McRaney, Administrator, in this suit; that some of plaintiff's attorneys are representing McRaney as administrator in defending this case and in the administration proceeding. The motion charged that the joinder of McRaney, Administrator, was a legal fraud on Box Company and Thompson in attempting to confer venue in Simpson County. After the evidence was heard on this motion the trial court made a lengthy finding of fact in which he found that none of the attorneys for plaintiff were representing McRaney in this suit or in the administration of the estate of Sam Palmer, deceased.

We think Box Company and Thompson established that some of the attorneys for plaintiff arranged to have McRaney appointed as administrator of the estate of Sam Palmer, deceased, and that they did this at the instance of the mother of Sam Palmer, deceased; that there were no known assets belonging to the estate of Sam Palmer, deceased; that some of plaintiff's attorneys assisted in the preparation of the papers for the appointment and qualification of McRaney, administrator, and two of them signed McRaney's bond as administrator. The trial judge was justified in finding that none of plaintiff's attorneys thereafter represented McRaney in the administration of the Sam Palmer estate or this suit. McRaney dictated his answer in this suit in the office of plaintiff's attorneys, which was next to the office of McRaney, who is also an attorney, and who had no stenographer. Plaintiff's attorneys also gave McRaney some of the information used in preparing the answer.

Appellants, Box Company and Thompson, rely on such cases as Trolio v. Nichols, 160 Miss. 611, 132 So. 750, and Nicholson v. Gulf, Mobile and Northern RR. Co., 177 Miss. 844, 172 So. 306, which involve situations where plaintiff fraudulently joined local defendants for the purpose of fixing venue. Those cases are not applicable here. Appellants' motion was properly overruled because of the provisions of the last sentence of Section 525, Code of 1942, which is: "And if such person do not apply for administration within thirty days from the death of an intestate, the court may grant administration to a creditor or to any other suitable person." One who has a cause of action against a decedent which survives the latter's death is a creditor entitled to administration. 33 C. J. S., Executors and Administrators, Sec. 41, p. 938. Much more than thirty days had elapsed from the date of Sam Palmer's death before McRaney was appointed administrator.

██ The purpose of Code Section 525 was to provide a method for one having a claim against an estate to see to the prompt and proper administration of the estate. A creditor has a proper interest in the administration of the estate. ██ It follows that if a creditor may be appointed administrator of the estate of a deceased person, there is nothing improper in the attorneys for the creditor to actively participate in securing the appointment and qualification of another. If the creditor, or one who has a claim against the estate such as the plaintiff in this case, could not see to it that someone qualify as administrator, the plaintiff could not prosecute her claim.

██ Now it should be said that if there had been a fraudulent agreement between plaintiff's attorneys and McRaney, administrator, such as, for instance, that plaintiff would not attempt to secure or collect the judgment against the estate, we would have another matter. But in this case there is no proof of any such fraudulent or collusive scheme. It is quite obvious that plaintiff's attorneys desired to have an administration so that the estate of Sam Palmer, deceased, could be sued in Simpson County and thus draw the Box Company and Thompson into the Circuit Court of Simpson County; but the right of the plaintiff to choose the venue of an action within the provisions of the venue statutes are just as valuable and important to her as are the venue rights of the defendants.

The Box Company and Thompson filed a third motion for change of venue at the conclusion of plaintiff's case. It was charged in this motion that plaintiff wholly failed to offer any evidence tending to prove any negligence on the part of Sam Palmer, deceased, but on the other hand, plaintiff's evidence showed conclusively that Sam Palmer, deceased, was guilty of no negligence proximately contributing to the collision involved in the suit. Mov-

ants alleged that the sole and only purpose of joining McRaney, Administrator, as a defendant in the suit was to destroy the venue rights of Box Company and Thompson, and that this constituted a legal fraud.

There are two reasons why this motion was properly overruled by the trial court. Either is sufficient without the other.

■■ ■ First: In their answer to the declaration filed by plaintiff, Box Company and Thompson denied that either of them were guilty of any negligence which proximately contributed to the collision involved in the case. These defendants affirmatively alleged in their answer that the sole and only proximate cause of said collision was the carelessness and negligence of the driver of the car in which plaintiff's deceased was riding, that is to say, the negligence of Sam Palmer. The answer stated the facts which they alleged constituted negligence on the part of Sam Palmer, and this substantially agreed with the charges of negligence made against Palmer by plaintiff in her declaration. This position was never changed, the answer was not amended or withdrawn. The Box Company and Thompson, in their answer, based their defense on the factual assertion that the collision was caused solely by the negligence of Sam Palmer. May they withhold the evidence they had to establish that fact—they certainly had such evidence else they would not have made the allegation—and nullify the proceedings by obtaining a change of venue? We hold they cannot. Not that we hold they should have offered such proof, but that they cannot assume an inconsistent position in the same proceeding. The Box Company and Thompson cannot be heard to say on the one hand that they were not liable because Palmer was solely responsible for one purpose of the suit, and, without withdrawing or amending that position, say in the same judicial proceeding, for another purpose, that not

Palmer but they were solely responsible for the collision. ██ ██ This is not estoppel in the strict sense of that term. It is denominated judicial estoppel which differs from equitable estoppel in that it is not necessary that to show the elements of reliance and injury. It is based on the principle that orderliness, regularity and expedition of litigation are essential to a proper judicial inquiry. 31 C. J. S., Estoppel, Sec. 117, p. 378.

██ ██ Second: We cannot agree that plaintiff's proof failed to make a jury question as to whether Sam Palmer was guilty of negligence which proximately contributed to the collision. There were three eye witnesses to the accident who testified for plaintiff. Their testimony was that Sam Palmer was driving between 55 and 60 miles an hour one-quarter of a mile inside the corporate limits of Clinton; that he skidded straight down his side of the highway fifty feet to the point of impact; the photographs and the testimony as to the side marks were sufficient to show that the car Palmer was driving knocked the Box Company truck over towards the south, then scratched up the ground and ran over a 30-mile speed limit sign; that there was ample room on the shoulder and the balance of the north half of the pavement not occupied by the truck for Palmer to have passed the truck without any collision. The jury would have been fully justified in finding that Palmer was guilty of the negligence charged against him by the plaintiff in her declaration and by the Box Company and Thompson in their answer, namely, excessive speed, and failure to keep his car under control. ██ ██ It is true that the eye witnesses all stated that Palmer did nothing to contribute to the accident and was driving in a normal and careful manner; but such opinions and conclusions of a witness bind no one. The facts control over opinions such as given by these witnesses.

No other questions were raised.

Affirmed.

All Justices concur, except *Kyle, J.*, who took no part.