# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-IA-01848-SCT

*JEWEL CHRISTIAN d/b/a ABC, JEWEL CHRISTIAN AND CHARLES E. MAGEE*

*v.*

*TIMOTHY McDONALD AND JOHN E. CURRIE*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/18/2003 |
| TRIAL JUDGE: | HON. ROBERT G. EVANS |
| COURT FROM WHICH APPEALED: | SMITH COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | SHELLY G. BURNS |
| ATTORNEYS FOR APPELLEES: | GARY R. KING |
| | EUGENE C. TULLOS |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 02/17/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**DICKINSON, JUSTICE, FOR THE COURT:**

¶1.    In this damage action for personal injuries sustained in a multiple vehicle accident, we granted permission to bring this interlocutory appeal to review the circuit court's order denying a transfer of venue. Because the exclusivity provision of the Workers' Compensation Law bars plaintiff's claim against the venue-fixing defendant who was plaintiff's fellow employee, we conclude that the circuit court abused its discretion in denying the venue transfer. Accordingly, we reverse and remand.

**I.**

¶2.   On May 3, 2001, Timothy McDonald and John Currie, both employees of Crocodile Currie, Inc. ("CCI"), were transporting equipment for CCI in separate vehicles owned by CCI. They were traveling in a westerly direction on U.S. Highway 98 in Mobile County, Alabama, with McDonald in the lead.   Traveling behind Currie in a vehicle owned by his employer, Jewel Christian, Charles E. Magee crashed into Currie, causing him to run into McDonald.

¶3.   On January 17, 2002, McDonald filed suit against Christian,[1] Currie and Magee, in the Circuit Court of Smith County, Mississippi, claiming he was injured in the accident, and that both Magee and Currie were negligent in the operation of their vehicles.   Currie, who also claimed to be injured from the accident, filed a cross-claim against Christian and Magee. McDonald and Currie are both residents of Smith County, Christian is a resident of Pike County, and Magee is a resident of Walthall County, Mississippi.

¶4.   Christian and Magee moved for a change of venue to Walthall County, arguing that McDonald had fraudulently joined Currie as a defendant to obtain venue in Smith County.   In support of their allegation, Christian and Magee argue that McDonald's claims against Currie are subject to the exclusive remedy provision of the Mississippi Workers Compensation Law and, therefore, could not serve as a basis for a claim in circuit court.[2]   Without Currie as a

---

[1]McDonald sued Christian pursuant to the doctrine of respondeat superior, alleging Magee was acting within the course and scope of his employment by Christian, when he caused the accident.

[2]Currie, who is president of CCI, testified in deposition that the company maintained worker's compensation insurance for its employees.  Neither McDonald nor Currie applied for any workers' compensation benefits.

2

defendant, Christian and Magee point out that McDonald's suit against Magee must be brought in Magee's home county of Walthall.

¶5. The trial court denied the motion for change of venue, finding that Currie was a party against whom liability could exist and, thus, was not fraudulently joined. This Court granted permission to bring this interlocutory appeal. See M.R.A.P. 5.

## II.

¶6. "The standard of review for a transfer of venue is abuse of discretion." *Stubbs v. Miss. Farm Bureau Cas. Ins. Co.*, 825 So. 2d 8, 12 (Miss. 2002) (citing *McCain Bldrs., Inc. v. Rescue Rooter, LLC.*, 797 So. 2d 952, 954 (Miss. 2001); *Donald v. Amoco Prod. Co.*, 735 So. 2d 161, 180 (Miss. 1999)). Furthermore, "[t]he trial judge's ruling will not be disturbed on appeal unless it clearly appears that there has been an abuse of discretion or that the discretion has not been justly and properly exercised under the circumstances." *Id.* (citing *McCain Bldrs.*, 797 So. 2d at 954; *Beech v. Leaf River Forest Prods., Inc.*, 691 So. 2d 446, 448 (Miss. 1997)). On matters of statutory interpretation, however, we review de novo. *Wallace v. Town of Raleigh*, 815 So. 2d 1203, 1206 (Miss. 2002).

¶7. Christian and Magee contend that the trial court abused its discretion. They remind us that this Court has held:

> Venue is a valuable right possessed by both plaintiff and defendant. *See Jefferson v. Magee,* 205 So. 2d 281, 283 (Miss. 1967); *Great Southern Box. Co. v. Barrett*, 231 Miss. 101, 94 So. 2d 912, 915 (1957). 'Of right, the plaintiff selects among the *permissible venues*, and his choice must be sustained [footnote omitted] unless in the end there is no factual basis for the claim of venue.' *Flight Line, Inc. v. Tanksley*, 608 So. 2d 1149, 1155 (Miss. 1992).

*Forrest County Gen. Hosp. v. Conway*, 700 So. 2d 324, 326 (Miss. 1997) (emphasis added).

**III**.

¶8.    The issue before us is fairly uncomplicated.  May venue in a circuit court action be set by the residence of a defendant against whom the plaintiff cannot legally pursue a claim?  We conclude that the answer to this question is obviously, no.  "The test for fraudulent joinder is whether the venue-fixing defendant is a party against whom liability could exist."  *Stubbs*, 825 So. 2d at 13.  Thus, we must now ask, is Currie "a party against whom liability could exist"?  The trial court found that he was.  To answer this question, we must examine the Mississippi Workers' Compensation Law (the "Act"),   Miss. Code Ann. §§ 71-3-1 to - 129 (Rev. 2000 & Supp. 2004).

¶9.    During the hearing on the motion for change of venue, the trial court stated: "I'm going to deny your motion.  I don't think the Workers' Comp issue is controlling on that."  The trial court subsequently entered an order denying the motion and finding that Currie had not been fraudulently joined because he is a party against whom liability could exist.

¶10.    Miss. Code Ann. § 71-3-7 (Rev. 2000) provides in pertinent part: "Compensation shall be payable for disability or death of an employee from injury or occupational disease arising out of and in the course of employment, without regard to fault as to the cause of the injury or occupational disease."

¶11.    Christian and Magee claim, and the facts establish, that the accident occurred – and McDonald was injured – while both McDonald and Currie were in the course and scope of their employment for the same employer.  Neither McDonald nor Currie contradict this assertion.  At the hearing before the trial court, counsel for Christian and Magee stated it this way:

4

> The two of them [McDonald and Currie] were in Alabama for the sole purpose of performing work related duties, and this, of course, is from their own deposition testimony. They were there driving company vehicles, carrying company equipment and so forth such that the Workers' Compensation Act comes into play, and the two of them were co-workers at the time of the accident.
>
> So, we have one co-worker suing another for negligence, and they were acting, both of them, in the course and scope of their employment.

¶12. Counsel then proceeded to present the trial court with controlling authority which establishes that (1) "the Workers' Comp Act applies;" (2) a co-worker enjoys the same immunity from liability as the company; and (3) liability cannot exist against Currie.

¶13. Unimpressed with the argument presented by counsel for Magee and Christian, the trial court stated the following: "I'm going to deny your motion. I don't think the Workers' Comp issue is controlling on that, and I'll adopt Mr. King's argument."

¶14. Other than adopting "Mr. King's argument," the trial court provided no explanation or basis for his refusal to transfer venue. This brings "Mr. King's argument" front and center for our careful review. We present it in its entirety:

> Your Honor, as Ms. Burns just stated, I represent Tim McDonald. I filed this lawsuit. It was stated Mr. McDonald's vehicle was in front. He was struck by Mr. Currie's vehicle who was also struck by the one, the Magee Christian vehicle. I have not been in contact with any Workers' Comp carrier, if there is any, Your Honor, but I elected to file suit both against Mr. Currie and Mr. Christian and Magee.
>
> And, of course, we have that right. You know, if there's any speculation about any Workers' Comp coverage there, you know, they are not here today, but you know, I'm not sure the Workers' Comp carrier would deny any claims that Mr. McDonald might have. My client was injured, and by his deposition he alleges negligence on Mr. Currie and on Mr. Magee.

¶15. This argument offered by McDonald's counsel formed the *entire basis* for the trial court's denial of the motion to transfer venue. We have attempted to identify the portion of

5

this argument which gave comfort to the trial court regarding the correctness of his ruling. Our labors have been in vain. Nothing said by McDonald's counsel even approaches a recognizable argument in favor of allowing a lawsuit to proceed in circuit court against Currie. Indeed, we are unable to find even a misleading argument. In short, McDonald's counsel presented nothing. Thus, the trial court relied on – and adopted – nothing. The law which controls the question presented to the trial court is not complicated or difficult to find. Miss. Code Ann. § 71-3-9 (Rev. 2000) has two substantive provisions. The first provides, in part: "The liability of an employer to pay compensation shall be **exclusive** and in

place of all other liability of such employer to the employee. . . ."

¶16. We find nothing about the word "exclusive" which could have confused plaintiff's counsel or the trial court. In its order denying the motion, the trial court stated, "The court, having reviewed the motion and heard arguments of counsel, finds the joinder of John Currie as a defendant herein not to have been fraudulent as **he is a party against whom liability could exist**." (emphasis added). We are left to wonder what the trial court meant by characterizing Currie as "a party against whom liability could exist." McDonald's counsel made no argument to the trial court whatsoever which demonstrated that Currie was "a party against whom liability could exist." Nor did he provide any such authority to this Court.

¶17. As stated, the basis for the trial court's refusal to grant the motion was never briefed, argued or explained. The second substantive provision of Miss. Code Ann. § 71-3-9 is, as follows: "if an employer fails to secure payment of compensation as required by this chapter, an injured employee . . . may elect to claim compensation under this chapter, or to maintain an action at law for damages on account of such injury. . . ."

6

¶18. However, even a cursory review of Workers' Compensation Law would have revealed to McDonald's counsel (and ultimately to the trial court) that this portion of the statute provides no defense to the motion. This Court held more than fifty years ago: "The requirement that the employer must secure payment of compensation means that he must have in effect an insurance policy complying with the workmen's compensation act, or must qualify as a self insurer." *McCoy v. Cornish*, 220 Miss. 577, 71 So. 2d 304, 307 (1954). *See also Taylor v. Crosby Forest Prods. Co*., 198 So. 2d 809, 811 (Miss. 1967). In his deposition, Currie testified that the company had workers' compensation insurance coverage. At the hearing on the motion to transfer venue, Currie's counsel stated to the trial court:

> Now, on page 72 of Mr. Currie's deposition, sworn testimony, he informed me on more than one occasion that his company did in fact have Workers' Compensation coverage available for both of them at the time; therefore, that issue is taken care of. Currie's immunity here is not even contested by plaintiff's counsel, Mr. King or Mr. Tullos apparently.

¶19. This assertion, backed up by deposition testimony, is uncontradicted and ignored by McDonald's counsel. The only statement which remotely approaches the issue is found in his brief:

> At the time of the hearing on this matter, the attorney for Magee and Christian addressed the issue of Currie having the right to claim the exclusive remedy of workers compensation. However the attorney for Magee and Christian admitted that she has not been in touch with the Workers Compensation Commission or the carrier.

¶20. Whatever significance McDonald attaches to the failure of "the attorney for Magee and Christian" to get "in touch with the Workers Compensation Commission or the carrier," it certainly has no significance here. We find no authority which even remotely suggests that the attorney for a non-employee defendant must contact the "Workers' Compensation

7

Commission or the [Workers' Comp] carrier" in order for Miss. Code Ann. § 71-3-9 to apply.

This Court has held:

> Mississippi Code Annotated § 71-3-9 (1972) provides that the liability of an employer to pay compensation shall be **exclusive and in place of all other liability of such employer**. This is more than a statement of law - it is a statement of public policy by the Legislature justifying the imposition of liability for payment of benefits under the Act and the taking away of the employer's common law defenses. We have extended to co-employees this umbrella of immunity provided employers by statute. ***Brown v. Estees***, 374 So. 2d 241 (Miss. 1979); ***McCluskey v. Thompson***, 363 So. 2d 256 (Miss. 1978).

***Sawyer v. Head***, 510 So. 2d 472, 477 (Miss. 1987) (emphasis added).

¶21.    More recently, this Court addressed this issue by stating:

> Lewallen acknowledges that § 71-3-9 provides that workers' compensation benefits shall be the exclusive remedy for an employee in most circumstances, and further recognizes that this Court has held that this provision extends to protect co-employees. Lewallen, however, cites to ***Miller v. McRae's, Inc***., 444 So.2d 368, 371-72 (Miss.1984) and its progeny for an exception to the exclusivity provision. There are **two elements necessary for an injured employee to avoid the Mississippi workers' compensation exclusive liability provision:** (1) the injury must have been caused by the willful act of another employee acting in the course of employment and in the furtherance of the employee's business, and (2) the injury must be one that is not compensable under the Act. *If both of these elements are met, then it is appropriate to pursue a claim outside of the confines of the statute. Otherwise, the claimant is only entitled to the compensation provided under the statute.*

***Lewallen v. Slawson*** 822 So.2d 236, 238 (Miss. 2002) (emphasis added & internal citations omitted).

## IV.

¶22.    Christian and Magee have asserted their right under Miss. Code Ann. § 11-11-3 (2001) to be sued in a county of proper venue; in this case, a county where a legitimate defendant may be found.   The only counties in Mississippi which qualify under § 11-11-3, are Walthall

8

County, which is Magee's county of residence, and Pike County, which is Christian's county of residence.

¶23. Because the undisputed facts and clear, unambiguous law prevent any recovery by McDonald against Currie as a defendant, we find that Currie was fraudulently joined for the purpose of setting venue in Smith County. This Court has held:

> In determining if the [defendant] was fraudulently joined, we must consider:
>
>> (1) Whether the action was initiated in good faith on the bona fide belief that plaintiff has a cause of action against the defendant upon whom venue is based;
>>
>> (2) Whether the claim against the defendant upon whom venue is based is fraudulent, frivolous, or made with the intention of depriving the other defendants of their right to be sued in their own counties; and
>>
>> (3) Whether the claim of liability asserted against the defendant upon whom venue is based is reasonable.
>
> *Blackledge [v. Scott]*, 530 So. 2d [1363],1364 [(Miss. 1988)]. Where multiple defendants are involved, the venue-fixing defendant must be a material and proper party and not a defendant 'joined for the sole purpose of giving the court of that county jurisdiction.' *Trolio v. Nichols*, 160 Miss. 611, 133 So. 207, 208 (1931).

*Stubbs*, 825 So. 2d at 13. McDonald asserts that he sued Currie in good faith and with a bona fide belief that a cause of action existed against him. Currie, for reasons which are not entirely clear, claims that he is a necessary and proper party to the litigation and that full and complete adjudication cannot be had unless he remains as a defendant. This argument is supported by no authority and has no merit. This Court has held:

> [W]e do not think that by agreement with an alleged joint tort-feasor, collusive or otherwise, a plaintiff should be permitted to fix the venue of the cause in any county of his choice, when so to do will destroy a statutory right of a joint tort-

9

feasor as to the venue of the cause against him . . the result . . . constitutes a fraud on the jurisdiction of the court, and the court should refuse to exercise jurisdiction so obtained. The right of a defendant to be sued in the venue fixed by statute is too valuable to permit it to be destroyed at the whim or will, or for the convenience, of a plaintiff, and a friendly defendant who may be joined . . . if the purpose and result of the act is to defeat and destroy a right guaranteed by law to another, the act becomes fraudulent in its nature.

*Nicholson v. Gulf, Mobile & Northern R. Co*, 177 Miss. 844, 172 So. 306, 308-09 (1937).

¶24.    Currie also points out that he sustained injuries and/or property damage in the accident for which he is entitled to compensation. While this may be true, it simply qualifies him as a plaintiff, which says nothing about setting venue.

**V.**

¶25.    In summary, we find that the trial court should have transferred this case to a county of proper venue. We further find McDonald's counsel not only failed to present the trial court with any arguable or good-faith basis for denying the motion to transfer, but also presented a frivolous argument opposing the motion. This, coupled with the trial court's failure to review and apply the applicable law, has resulted in the unnecessary investment of time, expense and resources by all parties, the trial court, and this Court.

¶26.    We reverse the trial court's order denying a transfer of venue and remand this case to the trial court for transfer to a county of proper venue; that is, to Pike County or Walthall County.

¶27.    **REVERSED AND REMANDED**.

        **SMITH, C.J., WALLER AND COBB, P.JJ., AND CARLSON, J., CONCUR. RANDOLPH, J., CONCURS IN RESULT ONLY. EASLEY AND GRAVES, JJ., DISSENT WITHOUT SEPARATE WRITTEN OPINION. DIAZ, J., NOT PARTICIPATING.**