STATEMENT OF THE CASE
¶ 1. Ronnie Conway and Christy Conway, individually and on behalf of their minor daughter, Megan Conway (hereinafter "Appellees"), filed a complaint in the Circuit Court of the First Judicial District of Hinds *Page 325 
County, Mississippi on February 22, 1993. The complaint alleged medical malpractice against Charmaine McCleave, M.D., and Forrest County General Hospital.
¶ 2. Forrest County General Hospital and Charmaine McCleave, M.D., (hereinafter "Appellants") answered the complaint and objected to the improper venue of Hinds County. The Appellants moved the court to transfer venue to Forrest County, Mississippi, the domicile of Forrest County General Hospital ("Forrest General"), or Lamar County, the domicile of Charmaine McCleave, M.D.
¶ 3. By order dated May 24, 1993, the Circuit Court of Hinds County denied Appellants' motion for change of venue finding that although the cause of action first accrued in Forrest County, the Appellees' damages continued to occur in Hinds County making venue proper in Hinds County pursuant to Miss. Code Ann. §11-11-3.
¶ 4. South Mississippi Emergency Physicians (hereinafter "SMEP"), along with Darrell Ellzey, Dorothy Denham and Miriam Jarrell, all nurses at Forrest General (hereinafter collectively referred to as "Appellants"), were named in Appellees' amended complaint filed on November 23, 1993. The three employees filed a separate answer, which incorporated a motion to dismiss for lack of venue, or alternatively, to transfer the cause to Forrest County. On December 23, 1993, SMEP moved separately to transfer venue, and on February 3, 1994, the Hinds County Circuit Court denied this motion. Aggrieved by the lower court's ruling, Appellants filed a petition for interlocutory appeal on June 7, 1993. This Court granted the petition on March 14, 1994.
¶ 5. The Appellants raise four issues on appeal. However, we find the following issue to be dispositive of this appeal and will not address the remaining issues:
 WHETHER PLAINTIFFS, ALL OF WHOM ARE RESIDENTS OF FORREST COUNTY, CAN MAINTAIN AN ACTION PURSUANT TO MISS. CODE ANN. § 11-11-3 (SUPP. 1993) IN HINDS COUNTY, MISSISSIPPI, FOR ALLEGED MEDICAL NEGLIGENCE THAT IS SAID TO HAVE OCCURRED IN FULL IN FORREST COUNTY, MISSISSIPPI, AGAINST SIX DEFENDANTS, NONE OF WHOM RESIDE IN HINDS COUNTY, BASED SOLELY UPON PLAINTIFFS' ALLEGATIONS THAT THE MINOR CHILD'S "INJURIES AND RESULTING DAMAGES SUFFERED BY HER AND HER PARENTS OCCURRED FOR THE MOST PART IN . . . HINDS COUNTY."
 STATEMENT OF THE FACTS
¶ 6. On February 20, 1992, at approximately 2:50 a.m., Ronnie Conway and Christy Conway brought their seven-month-old infant daughter, Megan Conway, into the emergency room at Forrest County General Hospital. She was seen by various nursing personnel. According to the complaint, Megan had a temperature in excess of 104 degrees and "blue spots." The charge nurse had refused to call a pediatrician and sent Megan to the general emergency room physician, Dr. McCleave who diagnosed Megan with a virus and prescribed an antibiotic. Megan was discharged at approximately 4:30 a.m. with a 102 degree temperature.
¶ 7. Later that day at 1:30 p.m., Megan's condition worsened. Her parents took her to the office of Dr. Frank Dement, a pediatrician. Megan was then taken back to Forrest General, where she was diagnosed with meningitis at approximately 2:00 p.m. After the staff determined that the infant's condition had substantially worsened and had reached the critical stage, a decision was made to transport her to the University Medical Center Hospital (hereinafter "UMC") in Jackson, Mississippi.
¶ 8. After arriving in Jackson, Megan remained in the intensive care unit for several weeks and was hospitalized for a total of sixty-nine days at UMC. During the course of the infant's treatment and care at UMC, and in order to save her life, Megan's arms and legs were amputated.
¶ 9. The facts relevant to the issues concerning venue are largely taken from the pleadings and are summarized herein.
 1. The Appellees, at the time of the operative events and the filing of the complaint, *Page 326 
were and continue to be residents of Forrest County, Mississippi.
 2. Forrest County General Hospital is a community hospital organized under and operating pursuant to Title 41, Chapter 13 of Mississippi Code Annotated. The Hospital is owned by and is a political subdivision of Forrest County.
 3. Charmaine McCleave, M.D., was a resident of Lamar County, Mississippi, at the time the complaint was filed.
 4. South Mississippi Emergency Physicians, P.A. is a professional association domiciled in Forrest County, Mississippi.
 5. Darrell Ellzey, Dorothy Denham and Miriam Jarrell are residents of Covington, Jones and Pearl River counties, respectively; thus, none are residents of Hinds County.
 DISCUSSION OF THE LAW
¶ 10. This interlocutory appeal concerns our venue scheme in Mississippi as set forth in § 11-11-3 of the Mississippi Code of 1972 Annotated. We may properly consider issues pertaining to venue via an interlocutory appeal. See Tideway Oil Programs,Inc. v. Serio, 431 So.2d 454 (Miss. 1983) (ruling on venue issue proper as it avoids unnecessary expense and delay).
¶ 11. Appellants assert the following arguments for reversing the lower court's denial of their venue motion. First, they point to the fact that not one of the named Appellees is a resident of Hinds County. Second, they assert that the Appellants are residents of Forrest County. Third, they contend that all acts of alleged negligence "occurred" or "accrued" in Forrest County.
¶ 12. Appellees contend that the lower court, in interpreting §11-11-3, correctly determined that venue was proper in Hinds County. They further state that the damages first occurred and the cause of action first accrued in Hinds County. Venue is a valuable right possessed by both plaintiff and defendant. SeeJefferson v. Magee, 205 So.2d 281, 283 (Miss. 1967); GreatSouthern Box Co. v. Barrett, 231 Miss. 101, 94 So.2d 912, 915 (1957). "Of right, the plaintiff selects among the permissible venues, and his choice must be sustained [footnote omitted] unless in the end there is no factual basis for the claim of venue." Flight Line, Inc. v. Tanksley, 608 So.2d 1149, 1155 (Miss. 1992).
¶ 13. Section 11-11-3 of the Mississippi Code of 1972 Annotated provides in part: "Civil actions of which the circuit court has original jurisdiction shall be commenced in the county in which the defendant or any of them may be found or in the county wherethe cause of action may occur or accrue." Miss. Code Ann. §11-11-3 (1972) (emphasis added). The Appellants contend that Hinds County lacks venue because Forrest General is domiciled in Forrest County, and Dr. McCleave is a resident of Lamar County. SMEP also points out that none of its physicians are residents of Hinds County. Likewise, the Conways are residents of Forrest County. The Conways agree that none of the defendants are residents of Hinds County. Instead, they base their claim of venue on the "occur or accrue" language of the statute.
¶ 14. Appellants also argue that since no defendant may be found in Hinds County, venue cannot prevail in Hinds County unless it can be established that the cause of action asserted by the Appellees occurred or accrued in Hinds County. They argue for a strict construction of the venue statute, stating that the true sense in which words are used in a statute is to be ascertained, generally, by taking them in their ordinary and obvious significance in order to effect the plain intent of the Legislature. Furthermore, they rely on our cases holding that "the right to be sued in the county of one's residence is a valuable right, not a mere technicality." Board of Trustees ofState Institutions of Higher Learning v. Van Slyke,510 So.2d 490, 492 (Miss. 1987).
¶ 15. The Appellants urge us to rely upon our holding inForman v. Mississippi Publishers Corp., 195 Miss. 90,14 So.2d 344 (1943), that a cause of action occurred or accrued when "it came into existence as an enforceable claim, that is, when the right to sue becomes vested." Forman, 195 Miss. at 105, 14 So.2d at 346. We find that the initial *Page 327 
damage in the case sub judice occurred and accrued in Forrest County when the doctors allegedly failed to properly diagnose the disease. At that point, the initial damages occurred. The actions at the University Medical Center simply manifested the injury which had already occurred in Forrest County.
¶ 16. In 1996, this Court decided the two analogous cases ofMcMillan v. Puckett, 678 So.2d 652 (Miss. 1996) and Burgess v.Lucky, 674 So.2d 506 (Miss. 1996), where we held that venue is proper in both the county of the alleged negligence and the county of the decedent's death in wrongful death actions. Both cases involved alleged medical malpractice claims resulting in death. Wrongful death actions were filed in the counties of the actual deaths, rather than the counties of the alleged negligence. We found this to be proper since wrongful death actions create a new cause of action. McMillan, 678 So.2d at 656; Burgess, 674 So.2d at 512. However, the death required to initiate a wrongful death action is not analogous to the injury sustained by the Appellees, and therefore, McMillan andBurgess are readily distinguishable from the case sub judice.
¶ 17. We have also examined our decision in Flight Line, Inc.v. Tanksley, 608 So.2d 1149, 1156 (Miss. 1992). In FlightLine, an airplane was improperly loaded in Vicksburg, Mississippi. The plane then flew to Chicago, Illinois, where Tanksley was injured while unloading the plane. Tanksley's injury occurred due to the negligent loading of the plane in Vicksburg. This Court found venue proper in Warren County since the injury could not have occurred without that negligent action. FlightLine, 608 So.2d at 1156.
¶ 18. Flight Line is consistent with the case sub judice.
In Flight Line, the original negligence occurred in Warren County. In the present case, the Appellee's injuries occurred in Forrest County when the doctors allegedly failed to properly diagnose the Appellee's illness.
¶ 19. Our present analysis is also consistent with our holding in Blackledge v. Scott, 530 So.2d 1363 (Miss. 1988), since no causative events in this case occurred in Hinds County. The only action occurring in Hinds County was the treatment of the already injured child.
 CONCLUSION
¶ 20. The Conways brought suit in an improper county for purposes of venue under § 11-11-3. Since the cause of action accrued and the injury occurred in Forrest County, proper venue lies according to Rule 82 of the Mississippi Rules of Civil Procedure. Therefore, the ruling of the trial court on the change of venue motion must be reversed and the case remanded.
¶ 21. REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITHTHIS OPINION.
DAN LEE, C.J., PRATHER, P.J., and BANKS, JAMES L. ROBERTS, Jr., and SMITH, JJ., concur.
McRAE, J., dissents with separate written opinion joined by SULLIVAN, P.J., and PITTMAN, J.