# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1999-CA-00557-SCT

*WAL-MART STORES, INC.*

*v.*

*KERTRENA JOHNSON AND SABRENA JOHNSON*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/22/1999 |
| TRIAL JUDGE: | HON. LAMAR PICKARD |
| COURT FROM WHICH APPEALED: | JEFFERSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | EDLEY H. JONES, III |
| ATTORNEY FOR APPELLEES: | PHILIP ELMER CARBY |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 10/18/2001 |
| MOTION FOR REHEARING FILED: | 11/1/2001; denied 2/21/2002 |
| MANDATE ISSUED: | 2/28/2002 |

**EN BANC.**

**COBB, JUSTICE, FOR THE COURT:**

¶1. Kertrena and Sabrena Johnson brought this negligence suit against Wal-Mart Stores, Inc. (Wal-Mart) in the Jefferson County Circuit Court, alleging that Wal-Mart had negligently performed work on Kertrena's 1993 Mitsubishi, resulting in a crash which caused them serious and permanent injuries. In response, Wal-Mart filed a motion for change of venue and later for a summary judgment, both of which were denied by the circuit court. At the conclusion of trial, the jury found for the Johnsons and awarded them damages in the amounts of $30,000 for Kertrena and $37,500 for Sabrena. The circuit court entered judgment accordingly and also denied Wal-Mart's post-trial motions. Aggrieved, Wal-Mart has appealed, raising the following nine issues:

**I. THE TRIAL COURT ERRED WHEN IT DENIED WAL-MART'S MOTION FOR A CHANGE OF VENUE.**

**II. THE SOLE PROXIMATE CAUSE OF THE JOHNSONS' INJURIES AND DAMAGES WAS THEIR INTERVENING AND SUPERSEDING CONDUCT TO OPERATE THE VEHICLE IN QUESTION AFTER ARRIVING SAFELY AT HOME.**

**III. THE JOHNSONS FAILED TO MEET THEIR BURDEN OF PROOF TO ESTABLISH BY EXPERT TESTIMONY THAT THE ALLEGED ENGINE PROBLEM WAS CAUSED BY A NEGLIGENT ACT OF WAL-MART.**

**IV. THE JURY VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE AND WAS THE PRODUCT OF BIAS, PREJUDICE AND IMPROPER PASSION.**

**V. THE TRIAL COURT ERRED BY REFUSING DEFENDANT'S MOTION FOR A**

**DIRECTED VERDICT, JURY INSTRUCTION D-1, D-2, AND DEFENDANT'S POST-TRIAL MOTION FOR A JNOV, A NEW TRIAL, OR A REMITTITUR.**

**VI. THE TRIAL COURT ERRED IN GRANTING PLAINTIFFS' INSTRUCTION P-6 BECAUSE THERE WAS NO PROOF BEFORE THE JURY TO RAISE AN ISSUE OF FACT THAT WAL-MART HAD ACTED NEGLIGENTLY.**

**VII. THE TRIAL COURT ERRED IN GRANTING PLAINTIFFS' INSTRUCTION P-9.**

**VIII. THE TRIAL COURT ERRED WHEN IT GRANTED PLAINTIFFS' INSTRUCTION P-12.**

**IX. THE VERDICT WAS EXCESSIVE AND AGAINST OVERWHELMING WEIGHT OF THE EVIDENCE, AND THE TRIAL COURT ERRED IN REFUSING TO GRANT A REMITTITUR.**

<u>FACTS</u>

¶2. In June of 1997, Kertrena Johnson, a resident of Fayette, Jefferson County, Mississippi, had her car serviced at a Wal-Mart in Natchez, Adams County, Mississippi. A Wal-Mart mechanic told Kertrena that her car needed a fuel injection cleaning, and Kertrena returned to Wal-Mart on July 3 to have that service performed on the car. The mechanic who performed the service testified that he did not adjust the idle speed on the engine; however, he did notice that the car was idling high before he performed any service. He further testified that after he completed his work, the car's engine was idling much lower than when he started. The mechanic revved the engine a few times and saw the idle fall into a range which he thought was normal.

¶3. Kertrena later picked up the car and drove home to Fayette. On her way home, however, Kertrena felt as though she had to brake more than normal in order to slow the car and that it idled too high. Later that night, Kertrena called Wal-Mart to complain about the engine, and the manager of Wal-Mart's automotive department asked Kertrena to bring the car back to the shop. Kertrena refused to do so because of concerns about the car's safety, and the manager arranged for an employee to go to her home in Fayette the next morning to inspect the car.

¶4. That evening, however, Kertrena decided to take the car to a local automotive repair shop, Bouie's Garage, accompanied by her sister Sabrena and a third person. Sabrena testified that Kertrena had described the nature of the car problems to her and that as soon as Kertrena started the car Sabrena heard a roaring noise. As Kertrena pulled into the Bouie parking lot, she lost control of the car and ran into a parked vehicle.

¶5. The Johnsons jointly brought suit against Wal-Mart in the Jefferson County Circuit Court seeking damages for personal injuries. The circuit court denied Wal-Mart's motion for change of venue which asserted that venue was improper in Jefferson County because Wal-Mart was not a resident of Jefferson County and the cause of action as alleged accrued in Adams County, Mississippi. Wal-Mart then filed a motion for summary judgment alleging that Kertrena's decision to operate the vehicle, in spite of their personal knowledge that there was a malfunction, constituted a superseding and intervening cause which broke the chain of causation between the acts of Wal-Mart's employees in Natchez, Mississippi, and the Johnsons' accident. The circuit court denied that motion as well, along with Wal-Mart's motion for directed

verdict and its post-trial motions.

<u>ANALYSIS</u>

**I. THE TRIAL COURT ERRED WHEN IT DENIED WAL-MART'S MOTION FOR A CHANGE OF VENUE.**

¶6. Under Mississippi's venue statute, "[c]ivil actions.... shall be commenced in the county in which the defendant or any of them may be found or in the county where the cause of action may occur or accrue and, if the defendant is a domestic corporation, in the county in which said corporation is domiciled...." Miss. Code Ann. § 11-11-3 (Supp. 2001). Since the statute allows for more than one possible venue, the plaintiff is afforded the right to choose among all permissible venues, and "his choice must be sustained unless in the end there is no credible evidence supporting the factual basis for the claim of venue." *Flight Line, Inc. v. Tanksley*, 608 So.2d 1149, 1155 (Miss. 1992).

¶7. Wal-Mart argues that venue in Jefferson County was improper, as the cause of action actually accrued in Adams County where the allegedly negligent acts occurred. In support of its argument, Wal-Mart cites *Flight Line*, 608 So.2d 1149; *Forrest County Gen. Hosp. v. Conway*, 700 So.2d 324 (Miss. 1997); and *Blackledge v. Scott*, 530 So.2d 1363 (Miss. 1988).[1]

¶8. In *Flight Line*, Tanksley was injured in Chicago while unloading cargo from a plane that had been negligently loaded in Vicksburg, Mississippi. *Flight Line*, 608 So.2d at 1153-54. Tanksley brought suit against Flight Line in Warren County (where the plane was loaded) rather than Rankin County (where Flight Line was domiciled), and the trial court denied Flight Line's repeated motions for change of venue. *Id.* at 1154-55. This Court affirmed, stating that "a cause of action accrues when it comes into existence as an enforceable claim, that is, when the right to sue becomes vested." *Id.* at 1156. The Court further noted that:

> Torts arise from breaches of duties causing injuries, and it is common experience that breach and causation and impact do not all always happen at once. At the very least, the word "occur" connotes each county in which a substantial component of the claim takes place, and this may include, in the present context, the negligent conduct which substantially undergirds Tanksley's claim.

*Id.* at 1157.

¶9. In *Conway*, the plaintiffs and defendants were all residents of Forrest County, where the defendant hospital negligently misdiagnosed the plaintiffs' child. *Conway*, 700 So.2d at 326. Conway argued that the cause of action accrued in Hinds County because the child was later moved to the University Medical Center in Hinds County where doctors had to amputate her arms and legs to save her life. *Id.* at 325. This Court disagreed, holding that the actions of the UMC physicians were merely the manifestation of the injuries which occurred in Forrest County. *Id.* at 327.

¶10. Ultimately, these cases stand for the proposition that a cause of action accrues for venue purposes either where the actual tortious conduct occurs or where the plaintiff suffers actual injuries from the negligence (as opposed to the mere manifestation of pre-existing injuries). Under the facts of the case sub judice, therefore, venue was proper in both Adams County (where Wal-Mart negligently repaired the car) and in Jefferson County (where the Johnsons suffered injuries proximately caused by that negligence). The Johnsons were then entitled to choose among those options, and since there was credible evidence that Jefferson County was the site where the injuries occurred, the choice of Jefferson County as venue should

not be disturbed by this Court. This issue is without merit.

## II. THE SOLE PROXIMATE CAUSE OF THE JOHNSON'S INJURIES AND DAMAGES WAS THEIR INTERVENING AND SUPERSEDING CONDUCT TO OPERATE THE VEHICLE IN QUESTION AFTER ARRIVING SAFELY AT HOME.

¶11. Wal-Mart next argues that even if it was negligent, the intervening acts of the Johnsons nevertheless constitute the sole proximate cause of their injuries and damages. This Court has stated:

> The law dealing with the duty to foresee the imprudent acts of others appears under the general rubric of the jurisprudence of "intervening cause". . . . The concept of intervening causes, and their effect on the liability of the more remote actor, has been a source of some difficulty in the law. On its face, the problem is one of whether the defendant is to be held liable for an injury to which the defendant has in fact made a substantial contribution, when it is brought about by a later cause of independent origin, for which the defendant is not responsible. The difficulty appears to be in determining whether "the intervening cause is one which in ordinary human experience is reasonably to be anticipated, or one which the defendant has reason to anticipate under the particular circumstances." Thus, under principles of "foreseeability," a defendant may be held liable for his failure to anticipate an easily-predicted intervening cause and to properly guard against it.

*Southland Management Co. v. Brown ex rel. Brown*, 730 So.2d 43, 46 (Miss. 1998)(internal citations omitted)(holding that actions of non-party playmate in throwing ceramic tile at plaintiff's child was unforeseeable intervening cause which cut off defendant construction company's liability).

¶12. In order to show that the Johnsons' decision to drive the car in spite of their concerns about its safety constituted an intervening cause, Wal-Mart must demonstrate that it could not have foreseen that Kertrena might attempt to drive her own car. Such a conclusion is untenable, particularly since the accident might have happened just as easily if Kertrena had followed Wal-Mart's instructions and driven the car back to Natchez.

¶13. In any event, the term "intervening cause" is generally meant to refer to the unforeseeable acts of *third parties*, not the plaintiff. *See generally* Restatement (Second) of Torts § 448 (1977). A proper analysis of whether the Johnsons should be denied recovery due to their own negligence must invoke comparative negligence principles rather than an intervening cause theory. Since the record clearly reflects that Wal-Mart sought and was given a comparative negligence instruction, this assignment of error is without merit, as the jury obviously considered the extent to which the Johnsons were responsible for their own injuries.

## III. THE JOHNSONS FAILED TO MEET THEIR BURDEN OF PROOF TO ESTABLISH BY EXPERT TESTIMONY THAT THE ALLEGED ENGINE PROBLEM WAS CAUSED BY A NEGLIGENT ACT OF WAL-MART.

¶14. Wal-Mart next argues that it was entitled to a directed verdict because the Johnsons did not offer evidence in the form of expert witness testimony to show how any acts or omissions on the part of Wal-Mart proximately caused the accident. Wal-Mart relies on *Lovett v. Bradford*, 676 So.2d 893 (Miss. 1996) and *Travis v. Stewart*, 680 So.2d 214 (Miss. 1996) for the idea that this case involves issues beyond the experience of laymen which require explanation by an expert witness. The Johnsons counter that those cases involved claims of professional malpractice brought against an insurance agent and a

physician which required specialized knowledge beyond the scope of a layman. This case sub judice, however, involves simple negligence and requires no such specialized knowledge.

¶15. We agree with the Johnsons. The general rule in Mississippi is that expert testimony is not required where the facts surrounding the alleged negligence are easily comprehensible to a jury. *Hammond v. Grissom*, 470 So.2d 1049, 1052 (Miss. 1985). Here, the Johnsons provided testimony that the car experienced noticeable problems after Wal-Mart worked on it and that these problems were not present before Wal-Mart worked on it. That was sufficient to allow the jury to determine whether Wal-Mart, through some act or omission, caused those problems, which in turn proximately caused the Johnsons' accident. This issue is without merit.

### IV. THE JURY VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE AND WAS THE PRODUCT OF BIAS, PREJUDICE AND IMPROPER PASSION.

¶16. Where an appellant challenges a jury verdict as being against the overwhelming weight of the evidence or the product of bias, prejudice or improper passion, this Court will show great deference to the jury verdict by resolving all conflicts in the evidence and every permissible inference from the evidence in the appellee's favor. *Bobby Kitchens, Inc. v. Mississippi Ins. Guar. Ass'n*, 560 So.2d 129, 131 (Miss. 1989). "Only when the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal." *Herrington v. Spell*, 692 So.2d 93, 103-04 (Miss. 1997).

¶17. The evidence offered at trial, when reviewed under the standard described above, reflects testimony by Kertrena that the car had never experienced any of the problems which caused the accident prior to Wal-Mart's actions. Wal-Mart conceded that the car was idling higher than normal while under its care, but that after servicing the car and observing the idle falling into a normal range, it returned the car to the Johnsons without discussing the idling problem. We, therefore, conclude that the jury verdict is not against the overwhelming weight of the evidence.

### V. THE TRIAL COURT ERRED BY REFUSING DEFENDANT'S MOTION FOR A DIRECTED VERDICT, JURY INSTRUCTION D-1, D-2, AND DEFENDANT'S POST-TRIAL MOTION FOR A JNOV, A NEW TRIAL, OR A REMITTITUR.[2]

¶18. This Court has rearticulated its standard of review for the denial of judgments notwithstanding the verdict, peremptory instructions,[3] and directed verdicts as follows:

[T]his Court will consider the evidence in the light most favorable to the appellee, giving that party the benefit of all favorable inference that may be reasonably drawn from the evidence. If the facts so considered point so overwhelmingly in favor of the appellant that reasonable men could not have arrived at a contrary verdict, we are required to reverse and render. On the other hand if there is substantial evidence in support of the verdict, that is, evidence of such quality and weight that reasonable and fair minded jurors in the exercise of impartial judgment might have reached different conclusions, affirmance is required. The above standards of review, however, are predicated on the fact that the trial judge applied the correct law.

*Steele v. Inn of Vicksburg, Inc.*, 697 So.2d 373, 376 (Miss. 1997).

¶19. Wal-Mart reiterates its argument that Kertrena's actions in driving to Bouie's Garage constituted an intervening act which was the sole proximate cause of the Johnsons' injuries and damages, thus making a directed verdict in favor of Wal-Mart proper. We have concluded that it did not. Furthermore, the record does not reflect the existence of evidence "so overwhelmingly in favor of the appellant that reasonable men could not have arrived at a contrary verdict." *Id.* at 376. Therefore, we cannot say that the circuit court was manifestly wrong in denying the motions for directed verdict and judgment notwithstanding the verdict or that it abused its discretion in denying the motion for a new trial and in denying the requested peremptory instructions.

> **VI. THE TRIAL COURT ERRED IN GRANTING PLAINTIFFS' INSTRUCTION P-6 BECAUSE THERE WAS NO PROOF BEFORE THE JURY TO RAISE AN ISSUE OF FACT THAT WAL-MART HAD ACTED NEGLIGENTLY.**
>
> **VII. THE TRIAL COURT ERRED IN GRANTING PLAINTIFFS' INSTRUCTION P-9.**
>
> **VIII. THE TRIAL COURT ERRED WHEN IT GRANTED PLAINTIFFS' INSTRUCTION P**-12.

¶20. With regard to the propriety of jury instructions, this Court has held that no reversible error will be found so long as the instructions actually given fairly announce the law of the case and create no injustice when read as a whole. *Fielder v. Magnolia Beverage Co.*, 757 So.2d 925, 929 (Miss. 1999)(collecting authorities). Furthermore, each party is entitled to embody its theory of the case in the jury instructions provided there is testimony to support it, but only "if made conditional upon the jury's finding that such facts existed."*Murphy v. Burney*, 27 So.2d 773, 774 (Miss. 1946).

> *A. Instruction P-6.*

¶21. Jury Instruction P-6 reads in its entirety as follows:

> The Court instructs you that for a superseding or intervening cause to cut off the liability of an original actor, the said intervening or superseding cause must have been unforeseeable by the original actor. Therefore, in order for Wal-Mart to be relieved from liability for its negligent repair of Kertrena's car, if any, you must find from a preponderance of the evidence that Wal-Mart could not have reasonably foreseen that Kertrena would operate her car again after she reached her home with knowledge that the engine was racing.

¶22. Wal-Mart argues that, due to the Johnsons' failure to provide expert witness testimony, the jury had no basis for finding that its employees negligently repaired or failed to repair Kertrena's car. Wal-Mart cites no authority in support of this argument, which in any case is refuted in the discussion of Issue III. To repeat, expert testimony is not required where the facts surrounding the alleged negligence are easily comprehensible to a jury. *Hammond*, 470 So.2d at 1052. Since the Johnsons provided evidence (1) that the car did not demonstrate any engine problems prior to Wal-Mart working on it, (2) that such problems began almost immediately after Wal-Mart completed work, and (3) that Wal-Mart had knowledge that the car idled high while working on it, we conclude that there was sufficient evidence to support the granting of this instruction, which fairly announces the law on the subject of intervening causes.

> *B. Instruction P-9.*

¶23. Instruction P-9 read as follows in its entirety:

The proximate cause of an injury is that cause, which in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injuries complained of and without which, the results would not have occurred. Thus, if you believe from a preponderance of the evidence in this case, that the negligent acts and/or omissions of Wal-Mart Stores, Inc., acting through its employees, if any, considered in their natural and continuous sequence and unbroken by any other cause, did, in fact, produce the injuries, if any, to Sabrena Johnson and Kertrena Johnson and without which this collision would not have occurred, then you should find for the Plaintiffs, Sabrena Johnson and Kertrena Johnson in accordance with the other instructions of the Court.

¶24. Again, Wal-Mart cites no authority suggesting that this instruction does not properly state the law on the issue of proximate cause. Wal-Mart argues that no proof was offered at trial supporting the theory that any Wal-Mart employee knew that the Johnsons' engine was racing when it left the store. However, Wal-Mart concedes that the mechanic who performed the work on Kertrena's car testified that he noticed the engine racing during the period he worked on it, although he claimed that it had stopped doing so by the time he was finished. Furthermore, the manager who spoke to Kertrena the night of the accident clearly knew of the problem, and he encouraged Kertrena to drive from Fayette back to Natchez. Therefore, we conclude that there was sufficient evidence to support the granting of this instruction as well.

*C. Instruction P-12.*

¶25. Instruction P-12 read as follows in its entirety:

If you find from a preponderance of the evidence in this case that Sabrena Johnson and Kertrena Johnson have sustained actual damages as a proximate result of the negligence of Wal-Mart Stores, Inc., acting by and through its agents and/or employees, then they are entitled to a verdict in an amount which will reasonably compensate them for their losses sustained, if any. Such damages are called compensatory or actual damages and are awarded for the purpose of making Sabrena Johnson and Kertrena Johnson whole again insofar as a money verdict can accomplish that purpose.

¶26. Wal-Mart again argues there was no proof upon which to base a finding of negligence in the repair of the vehicle and Kertrena's actions were "inherently unreasonable and unforeseeable as a matter of law." We disagree and conclude that there was sufficient evidence to support the jury instructions which fairly announce the law.

### IX. THE VERDICT WAS EXCESSIVE AND AGAINST OVERWHELMING WEIGHT OF THE EVIDENCE, AND THE TRIAL COURT ERRED IN REFUSING TO GRANT A REMITTITUR.

¶27. The standard of review for damages is as follows:

The supreme court or any other court of record in a case in which money damages were awarded may overrule a motion for new trial or affirm on direct or cross appeal, upon condition of an additur or remittitur, if the court finds that the damages are excessive or inadequate for the reason that the jury or trier of the facts was influenced by bias, prejudice, or passion, or that the damages awarded were contrary to the overwhelming weight of credible evidence. If such additur or remittitur be not accepted then the court may direct a new trial on damages only. If the additur or remittitur is accepted

and the other party perfects a direct appeal, then the party accepting the additur or remittitur shall have the right to cross appeal for the purpose of reversing the action of the court in regard to the additur or remittitur.

Miss. Code Ann. § 11-1-55 (1991); *see also Flight Line*, 608 So.2d at 1160-61 (holding that Court has no authority to vacate damage award merely because it believes jury erred or because, had it been trier of fact, it would have awarded greater or lesser sum). Our standard of review is as follows:

When this Court reviews the action of the jury after the trial court has refused to grant a new trial on the question of damages, the question then becomes whether the verdict was either so excessive or inadequate as to shock the conscience and to indicate bias, passion and prejudice on the part of the jury, or, whether the jury failed to respond to reason.

*Dorris v. Carr*, 330 So.2d 872, 874 (Miss.1976).

¶28. In the case sub judice, Kertrena submitted medical bills in the amount of $2,343 and was awarded $30,000. Sabrena submitted medical bills in the amount of $3,274 and was awarded $37,000. Although they had no broken bones, both Kertrena and Sabrena testified that they still continued to feel occasional pain at the time of the trial, then more than two years after the accident. Kertrena testified that she still could not fully use her left arm when lifting something heavy or raising it up. Both experienced decreased mobility since the accident. Wal-Mart has failed to offer any basis on appeal for concluding that the judgment was the result of bias, passion and prejudice on the part of the jury (other-than Wal-Mart's stated belief that the Johnsons' simply were not entitled to a judgment that large). We conclude that the judgment is not so excessive as to shock the conscience. This issue is without merit.

## CONCLUSION

¶29. Based on the foregoing, we hold that the circuit court did not err in denying Wal-Mart's motion for change of venue. We further hold that Kertrena's decision to drive the car did not constitute an intervening cause under our jurisprudence and that the facts of this case are such that the Johnsons could prove their prima facie case without the use of expert testimony. Finally, we hold that the circuit court did not err in denying Wal-Mart's various motions with regard to directed verdicts, judgment notwithstanding the verdict, jury instructions, or remittitur. The judgment of the Jefferson County Circuit Court is affirmed.

¶30. **AFFIRMED.**

**McRAE, P.J., MILLS, DIAZ AND EASLEY, JJ., CONCUR. SMITH, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY PITTMAN, C.J., AND WALLER, J. BANKS, P.J. NOT PARTICIPATING.**

**SMITH, JUSTICE, DISSENTING:**

¶31. In my view, the Johnsons failed to make a prima facie case that the negligent acts of the Wal-Mart employees caused their injuries. The majority holds that the Johnsons were not required to offer evidence in the form of expert testimony to show how the acts or omissions of the Wal-Mart employees proximately caused the accident because, reasons the majority, this case involves simple negligence and requires no specialized knowledge. I respectfully disagree.

¶32. It was disputed at trial that Kertrena Johnson's vehicle was idling high at the time she took it to Wal-Mart for a fuel injection service. She testified that she had experienced no prior problems with the car, while the technician who worked on the car testified that the car was idling high when Kertrena brought it in. Two Wal-Mart technicians testified to the acts performed during a fuel injection service. The Johnsons had the burden of proving that the actions of the technicians were negligent and that their negligence caused the accident. The Johnsons offered no evidence that any of the actions performed by the technicians fell below the standard of care. In fact, no evidence was even offered to show what the standard is in such a case.

¶33. Furthermore, even assuming that the technician's failure to inform Kertrena her car was idling high was in itself negligent, the Johnsons failed to offer any evidence as to how the failure to do so caused this accident. The effect that an engine which is idling high can have on a vehicle's performance or the owner's ability to control the vehicle is not within layman's knowledge. In fact, testimony at trial demonstrated that an engine which is idling high may or may not make driving the vehicle unsafe. Kertrena herself testified that she was able to control her vehicle.

¶34. In my view, the majority's efforts to distinguish *Travis v. Stewart*, 680 So. 2d 214 (Miss. 1996), and *Lovett v. Bradford*, 676 So. 2d 893 (Miss. 1996), fail. What might cause an engine to "idle high" or what effect that might have on the performance of a vehicle or, in this case, Kertrena's ability to control her vehicle, is a matter outside the everyday knowledge of many laypersons. This point is best made by the testimony of Kertrena herself, who, when asked whether she knew anything about injectors in cars and how they work and run, simply, but tellingly, answered "no."

¶35. The Johnsons failed to demonstrate that the actions of the Wal-Mart technicians in performing the fuel injection service caused the engine to idle high and that their actions fell below a standard of care. They also failed to demonstrate that the accident was caused by the engine idling high. Simply stated, the Johnsons failed to present evidence sufficient to establish a prima facie case for negligence. The judgment entered on the jury's verdict should be reversed and rendered in favor of Wal-Mart.

¶36. For these reasons, I respectfully dissent.

**PITTMAN, C.J., AND WALLER, J., JOIN THIS OPINION.**

1. Although Wal-Mart (along with many of our venue cases) cites *Blackledge v. Scott*, *Blackledge* is not actually germane to the question of when a cause of action accrues or occurs. Rather, *Blackledge* turned on issues of fraudulent joinder and lack of jurisdiction.

2. The remittitur is discussed in Issue IX.

3. Jury Instructions D-1 and D-2 were peremptory instructions directing the jury to find for Wal-Mart and against Kertrena and Sabrena, respectively.