# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-CA-01971-SCT

### *RANDY BRASWELL d/b/a WORLDWIDE DRILLING*

*v.*

### *T & T WELDING, INC. AND T & T COMMUNICATIONS, LLC*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/15/2003 |
| TRIAL JUDGE: | HON. BILLY JOE LANDRUM |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WAYNE DOWDY |
| ATTORNEY FOR APPELLEES: | CRAIG N. ORR |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | AFFIRMED - 08/12/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE WALLER, P.J., EASLEY AND CARLSON, JJ.

### CARLSON, JUSTICE, FOR THE COURT:

¶1.     The sole issue presented in this open accounts collection case is venue. T&T Welding and T&T Communications, LLC (collectively T&T) sued Randy Braswell d/b/a Worldwide Drilling in the County Court for the Second Judicial District of Jones County, Mississippi, on an alleged open account for materials and services. The trial court denied Braswell's motion for a change of venue to Pike County. Following a jury trial, judgment was entered against Braswell. The trial court denied Braswell's Motion For Judgment Notwithstanding the Verdict, Or, In The Alternative, A New Trial. Braswell then appealed to the Circuit Court for the Second Judicial District of Jones County.

¶2.     The circuit court affirmed the county court's decision and found that the facts were analogous to *Earwood v. Reeves*, 798 So.2d 508 (Miss. 2001), and that venue was proper in either Pike County or Jones County. Braswell appeals to this Court the decision of the circuit court affirming the county court. For the following reasons, this Court affirms.

## FACTS

¶3.     In June of 1999, Terry Hinton of T&T and Randy Braswell, a Pike County resident, spoke over the telephone regarding T&T providing product and services at the job site of Braswell's oil well in Pike County. T&T Communications, LLC installs telephones and intercoms on drilling sites, and T&T Welding provides welding services, workers and rental equipment at well sites. Both T&T businesses are located in Laurel, Jones County, Mississippi, and are owned and operated by Terry Hinton. After this initial telephone conversation, all other communications with T&T were handled by the well site supervisors, Petroleum Engineers. Twenty-five invoices were sent to Braswell. In addition to materials and services provided by T&T, these invoices included the following actual out-of-pocket expenses incurred by T&T: sales tax, workers' salaries including travel time to and from Jones County to Pike County, Cellular One telephone service utilized by the well site supervisor, independent driver for hauling a tank to the site, and other materials utilized at the drilling site. After Braswell refused to pay, a demand letter was mailed from Jones County to Pike County. Braswell did not respond to the letter. On January 27, 2000, T&T filed this lawsuit in the County Court for the Second Judicial District of Jones County. Following a jury trial, judgment was entered in favor of T&T and against Braswell.

## DISCUSSION

¶4.    This Court reviews a ruling on venue under the abuse of discretion standard. "The trial judge's ruling thereon will not be disturbed on appeal unless it clearly appears that there has been an abuse of discretion or that the discretion has not been justly and properly exercised under the circumstances of the case." *Hayes v. Entergy Miss., Inc.*, 871 So.2d 743, 746 ¶ 6 (Miss. 2004) (citing *Donald v. Amoco Prod. Co.*, 735 So.2d 161, 181 (Miss. 1999); *Estate of Jones v. Quinn*, 716 So.2d 624, 626 (Miss. 1998) (quoting *Beech v. Leaf River Prods., Inc.*, 691 So.2d 446 (Miss. 1997); *Miss. State Highway Comm'n v. Rogers*, 240 Miss. 529, 128 So.2d 353, 358 (1961))).

¶5.    The venue statute in effect when this lawsuit was filed provided in pertinent part that a resident defendant may be sued wherever that resident "may be found" or where the cause of action "occurred or accrued." Miss. Code Ann. § 11-11-3 (Supp. 2001). This Court has defined "occurred" and "accrued" as follows:

> "[O]ccur" and "accrue" are not synonymous, legally or otherwise, as the disjunctive connector forthrightly suggests. *We read accrual in its formalistic sense. A cause of action accrues when it comes into existence as an enforceable claim, that is, when the right to sue becomes vested. **Forman v. Mississippi Publishers Corp.**, 195 Miss. 90, 104, 14 So.2d 344, 346 (1943).* This may well mean the moment injury is inflicted, that point in space and time when the last legally significant fact is found. *"Occur" is a less formalistic term.* It is event oriented to its core. It connotes conduct and phenomena and imports no preference among all of those necessary that a plaintiff may sue.
>
> In the final analysis, *venue is about convenience*. The legislative prescription implies a legislative finding counties meeting certain criteria will generally be more convenient to the parties. The use of "occur" makes sense because important witnesses will often be accessible where the action occurs. *Yet, there is nothing in the phrase "where the cause of action may occur...." that limits the judicial search for but a single county.* Torts arise from breaches of duties causing injuries, and it is common experience that breach and causation and impact do not all always happen at once. At the very least, the word *"occur" connotes each county in which a substantial component of*

*the claim takes place*, and this may include, in the present context, the negligent conduct which substantially undergirds Tanksley's claim.

*Flight Line, Inc. v. Tanksley*, 608 So.2d 1149, 1156-57 (Miss. 1992) (emphasis added & (footnote omitted).

¶6.     This Court next analyzed "occurred" and "accrued" in *Earwood v. Reeves*, 798 So.2d 508 (Miss. 2001), which both the county and circuit courts found very persuasive in this matter. In *Earwood*, a father wired money from his bank account in Covington County to his son's attorney's office in Hinds County. The law firm represented the son in a business transaction. After the transaction failed to transpire, the father sought return of the money. The law firm returned a portion, but withheld the rest as attorney fees and expenses. The father deposited the refund check into his Covington County bank account and then sued the law firm in Covington County for the balance. The law firm's motion to change venue was denied. This Court addressed the matter on interlocutory appeal and found that venue was proper in both Covington and Hinds Counties:

> At the least, Reeves's alleged claim *accrued* in Covington County where he received the check for $66,983.80 from the firm's escrow account. This would be tantamount to the *last legally significant fact* as contemplated in *Tanksley*. [608 So.2d at 1156.]

> Reeves's alleged cause of action *at least partially occurred* in Covington County from whence he initially wired the money from his bank account, discussed the acquisition telephonically, received the check he considered short, and deposited it back into his account.

*Earwood*, 798 So.2d at 513 ¶¶ 15-16 (emphasis in original).

¶7.     As the county court and circuit court found, this case is similar to *Earwood*, and venue here was proper in both Jones County and Pike County. An agreement was reached during a telephone

4

conversation that T&T would provide services at Braswell's well site. After the first day's work, Braswell's site supervisor would request further materials and services from T&T via telephone. T&T's workers would dispatch from the Jones County offices based upon the specific orders that were placed in Jones County. The trial court found that these actions were akin to the father in *Earwood* wiring his money from Covington County to Hinds County.

¶8. The court further found that some of the charges were incurred inside Jones County since the charges included mileage and worker travel time from Jones County to Pike County and that T&T generated their invoices in Jones County, mailed the invoices from Jones County to Pike County, and expected payment to be made in Jones County as was the usual course of business between the two parties. This Court has found that a cause of action for personal injuries "accrues for venue purposes either where the actual tortious conduct occurs or where the plaintiff suffers actual injuries." *Wal-Mart Stores, Inc. v. Johnson*, 807 So.2d 382, 387 ¶ 10 (Miss. 2001). Here, T&T incurred a significant amount of out-of-pocket expenses in Jones County. *Cf. Pub. Employees Ret. Sys. of Miss. (PERS) v. Hawkins*, 781 So.2d 899 ¶ 3 n.2 (Miss. 2001) (holding that a substantial portion of the claimed earned income (meals, lodging, utilities, and mileage) occurred or accrued in Chickasaw County and therefore venue was proper in Chickasaw County).

¶9. Therefore, venue in this case was proper in either Pike or Jones Counties. "Of right, the plaintiff selects among the permissible venues, and his choice must be sustained unless in the end there is no credible evidence supporting the factual basis for the claim of venue. Put otherwise, the court at trial must give the plaintiff the benefit of the reasonable doubt, and we do so on appeal as well." *Tanksley*, 608 So.2d at

1155 (citations & footnote omitted). The county court did not abuse its discretion in denying Braswell's motion to change venue to Pike County.

## CONCLUSION

¶10.    For the foregoing reasons, venue was proper in Jones County, and we affirm the judgments of County Court, Second Judicial District, of Jones County and the Circuit Court, Second Judicial District, of Jones County.

¶11.    **AFFIRMED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., EASLEY, DICKINSON AND RANDOLPH, JJ., CONCUR.  DIAZ AND GRAVES, JJ., NOT PARTICIPATING.**