941 So.2d 839 (2006)
HERRING GAS COMPANY, INC., Appellant
v.
Paul M. NEWTON, Jr., Jonathan B. Fairbank and Michael M. Taylor, Appellees.
No. 2004-CA-02137-COA.
Court of Appeals of Mississippi.
April 18, 2006.
Rehearing Denied September 19, 2006.
Certiorari Denied November 2, 2006.
Marjorie Selby Busching, Heather Marie Aby, John L. Maxey, Jackson, attorneys for appellant.
Paul M. Newton, Gulfport, Jonathan B. Fairbank, Michael M. Taylor, Brookhaven, attorneys for appellees.
EN BANC.
KING, C.J., for the Court.
¶ 1. On March 20, 2003, Paul M. Newton, Jonathan B. Fairbank, and Michael M. Taylor (attorneys) filed a petition for declaratory judgment, asking the Harrison County Chancery Court to command Herring Gas Company, Inc. (Herring Gas) to issue to the attorneys stock certificates to reflect that stock, transferred to them by Steven Scott Herring (Herring), a family-member stockholder in Herring Gas. In response to the attorneys' action, Herring Gas asked the trial court to nullify the attempted transfer of stock, and to grant a *841 declaratory judgment to prohibit Herring from transferring his stock.
¶ 2. Herring Gas filed a motion for change of venue which was denied on August 18, 2003. The attorneys filed a motion for summary judgment on September 5, 2003, and on February 5, 2004, the court entered its final judgment granting summary judgment in favor of the attorneys. Aggrieved by the decision granting summary judgment, Herring Gas raises the following issues on appeal:
1. WHETHER THE DENIAL OF HERRING GAS' MOTION FOR CHANGE OF VENUE IS REVERSIBLE ERROR; AND
2. WHETHER THE LOWER COURT ERRED IN ITS RULING GRANTING SUMMARY JUDGMENT WHICH ORDERED THE ISSUANCE OF HERRING GAS COMPANY, INC.'S STOCK CERTIFICATES TO APPELLEES.
Finding no error in the chancellor's decision, we affirm.

STATEMENT OF FACTS
¶ 3. Herring is a stockholder in Herring Gas, a family owned Mississippi corporation with its principal place of business in Meadville, Franklin County, Mississippi. Herring was the holder of stock certificate number 135, which represented the ownership of 755.334 shares of Herring Gas. Herring sent this stock certificate to Paul Newton in Harrison County with the intent of transferring to each of the attorneys 251.778 shares of Herring Gas stock. On January 8, 2003, from his office in Harrison county, Newton sent stock certificate135, along with a Letter of Instruction to Herring Gas, directing that it issue certificates of stock in Herring Gas to Appellees. Each of the attorneys was to receive a stock certificate reflecting ownership of 251.778 shares of Herring Gas. By correspondence dated January 24, 2003, Herring Gas declined to issue the stock certificate.

DISCUSSION
1. Whether the denial of Herring Gas' motion for change of venue is reversible error
¶ 4. A motion for change of venue falls within the discretion of the trial judge, and the decision to grant or deny it will not be disturbed unless it appears "there has been an abuse of discretion or that the discretion has not been justly and properly exercised under the circumstances of the case." Guice v. Mississippi Life Ins. Co., 836 So.2d 756, 758-759(¶ 10) (Miss.2003).
¶ 5. The attorneys filed their declaratory judgment action in Harrison County. Herring Gas claims that nothing in Harrison County fixes venue there, and venue should be in Franklin County where Herring Gas' principal place of business is, and where all Herring Gas' corporate books and records are kept.
¶ 6. Venue in chancery court is governed by statute. Miss.Code Ann. § 11-5-1 (Rev.2002). When the pending action involves personal property, venue is proper in the chancery court of the county in which the property, or some portion thereof, may be. Id. Ultimately, plaintiffs have a choice of where to sue defendants among permissible venues. Forrest County Gen. Hosp. v. Conway, 700 So.2d 324, 326(¶ 12) (Miss.1997).
¶ 7. Under the laws of this State, personal property, when used in any statute, includes "goods, chattels, effects, evidences of rights of action, and all written instruments by which any pecuniary obligation, or any right, title, or interest in any real or personal estate, shall be created, *842 acknowledged, transferred, incurred, defeated, discharged, or diminished." Miss. Code Ann. § 1-3-41 (Rev.2005). This definition clearly covers stock certificate no. 135, which was the incorporeal personal property of Herring. See Cartwright v. Deposit Guar. Nat. Bank, 675 So.2d 847, 847 (Miss.1996) (incorporeal personal property includes stocks). In trying to transfer this property to the attorneys, Herring sent the actual certificate to Newton, whose office is located in Harrison County. Newton then sent the certificate on January 8, 2003 with a letter of instruction to Herring Gas. This transmission was done by certified mail, evidenced by a requested return receipt. The attorneys maintain that the green certified mail receipt is "evidence of a right of action," constituting their personal property right pursuant to Mississippi Code Annotated § 1-3-41, and that venue was proper in Harrison County pursuant to § 11-5-1. The chancellor held that this receipt in Harrison County was adequate to show a pecuniary obligation of right, title, or interest in the personal estate created, acknowledged, or transferred. We agree and, accordingly, hold that venue was proper in Harrison County. This claim is without merit.
2. Whether the lower court erred in its ruling granting summary judgment which ordered the issuance of Herring Gas Company, Inc.'s stock certificates to Appellees.
¶ 8. A motion for summary judgment should only be granted when there are no disputed material facts. Robinson v. Singing River Hosp. Sys., 732 So.2d 204, 207(¶ 7) (Miss.1999). The burden of proving the absence of disputed material issues of fact rests upon the moving party. Miller v. Meeks, 762 So.2d 302(¶ 3) (Miss. 2000). When faced with a motion for summary judgment, the court is obligated to review all evidentiary matters before it, including admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. Id. In considering whether there exists material disputed facts, the court is further obligated to view the facts in the light most favorable to the nonmoving party. Robinson, 732 So.2d at 206(¶ 7). If after having done so, the court finds that the plaintiff would be unable to prove any set of facts, which would support his or her claim, then summary judgment is appropriate. Id. The presence of fact issues does not defeat summary judgment; however, the court must be convinced that the fact issues present are material. Dailey v. Methodist Medical Center, 790 So.2d 903, 907 (¶ 3) (Miss.App.2001).
¶ 9. On appeal, we review the grant of summary judgment de novo. Massey v. Tingle, 867 So.2d 235, 238(¶ 6) (Miss.2004).
¶ 10. Herring Gas contends that the grant of summary judgment was in error because disputed material facts existed as to whether there was a limitation on the transferability of the stock. Herring Gas claims that stock certificate number 135 contained a restriction on its transferability, related to the qualified family-owned deduction from estate tax.[1] In his affidavit, Edward G. Herring (Edward) addressed the limitation and stated that all Herring Gas stockholders have been family members since 1990. The limitation on transferability, as contained in the Amended Charter of Incorporation of Herring Gas, provides:

*843 In the event of sale or offer for sale of all or any stock owned by any stockholder or stockholders, such stockholder or stockholders shall first offer same to the other stockholders at a price not to exceed its appraised value as shown by the Books of the Corporation and give them thirty days to accept or reject the purchase of same. And in the event said stockholder or stockholders reject same within the same period, then in that event, said stockholder or stockholders are at liberty to sell said stock to any person or corporation he or they desire.
¶ 11. Steve Herring filed an affidavit denying knowledge of this restriction on transferability of Herring Gas stock. Herring Gas claims that these competing affidavits demonstrate the existence of a dispute of material facts. In issuing his opinion, the chancellor found there to be no issue of disputed material facts. Mississippi Code Annotated § 79-4-6.27(b) (Rev.2001) provides that a restriction on the transfer or registration of transfer of shares is "valid and enforceable against the holder or a transferee of the holder if the restriction is authorized by this section, and its existence is noted conspicuously on the front or back of the certificate." However, a restriction is not enforceable against a person without knowledge of the restriction. Id.
¶ 12. The only language appearing on the stock certificate concerning transfer is: "transfer to any non-family member will subject transferor to recapture of tax deduction, including tax and interest. Transfer to anyone requires the filing with the Internal Revenue Service of Form 706A to amend Recapture Agreement." (emphasis added). This language bears no indication of any limitation on transferability.
¶ 13. Based on the affidavits and other evidentiary matters before this Court, we find that no genuine issues of material fact exists as to the transferability of Herring Gas stock certificate 135. The limitation was not conspicuously noted on the stock certificate, and Herring Gas has offered no proof that the attorneys or Steve Herring knew that the restrictive clause existed in the amended charter. We have no choice but to affirm the decision of the trial court. Under these circumstances, the restriction may not be enforced. See Mississippi Code Annotated § 79-4-6.27(b) (Rev.2001).
¶ 14. Herring Gas tries to assert other claims of impropriety because of the attorneys' dealings with Herring, but those issues have no bearing on the summary judgment motion. Therefore, we will not discuss those here.
¶ 15. THE JUDGMENT OF THE HARRISON COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
MYERS, P.J., SOUTHWICK, IRVING, CHANDLER, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. LEE, P.J., AND GRIFFIS, J., DISSENT WITHOUT SEPARATE WRITTEN OPINION.
NOTES
[1] This deduction permits tax relief for those inheriting stock in a family owned business. The deduction is conditioned upon the inheriting family members' agreement not to sell the stock outside the family for ten years. Violation of that agreement risks recapture by the IRS of those amounts deducted by the estate.