ORDER

ANN H. LAMAR, Justice
for the Court.
This matter came before the Gourt, en banc, on the Petition for Interlocutory Appeal filed by counsel for Autozone Mississippi, Inc., and Autozone Stores, Inc. (collectively “Autozone”). Also before the Court is the answer in opposition filed by counsel for Buddy Craft. Autozone seeks to appeal an interlocutory order of the Circuit Court of Smith County, Mississippi, which denied Autozone’s motion for change of venue. After due consideration, the Court finds that the Petition for Interlocutory Appeal is well taken and should be granted. The Court further finds that no further briefing is needed, and we will proceed to a consideration of the merits.
This interlocutory appeal concerns venue. “We may properly consider issues pertaining to venue via interlocutory appeal.” Forrest Co. General Hospital, et al. v. Conway, et al., 700 So.2d 324, 326 (Miss.1997). Autozone, the defendants in the trial court proceedings, are foreign corporations domiciled in the State of Nevada. The claim made against Autozone in the civil complaint is that Autozone sold Craft the wrong computer for his vehicle, resulting in damage to the vehicle as well as causing Craft mental anguish. Craft purchased the computer from Autozone in Forest, Scott County. Craft filed suit in Smith County, his county of residence.
Mississippi Code Annotated section 11-11 — 3(l)(a)(I) states:
Civil actions of which the circuit court has original jurisdiction shall be commenced in the county where the defendant resides, or, if a corporation, in the county of its principal place of business, or in the county where a substantial alleged act or omission occurred or *22 where a substantial event that caused the injury occurred.
Miss.Code Ann. § 11-11-3 (Rev.2004).
Based on the claims alleged by Craft, the act or omission vesting in Craft a right to sue Autozone, ie., selling the wrong computer, occurred in Scott County. Further, Craft failed to allege in his Complaint that a substantial event that caused the injury occurred in Smith County. Craft has failed to establish Smith County as an appropriate venue. Accordingly, the Court finds that this matter should be remanded to the Circuit Court of Smith County for entry of an order transferring this matter to Scott County.
IT IS THEREFORE ORDERED that the Petition for Interlocutory Appeal' filed by counsel for Autozone is hereby granted. The Notice of Appeal is deemed to have been filed and the filing fee is due and payable to the Clerk of this Court.
IT IS FURTHER ORDERED that the Order Overruling Motion for Change of Venue, entered September 27, 2011, in the Circuit Court of Smith County, case No.2011-66, is hereby reversed, and this matter is remanded to the Circuit Court of Smith County for entry of an order transferring said case to the Circuit Court of Scott County.
IT IS FURTHER ORDERED that Buddy Craft is taxed with all costs of this appeal.
SO ORDERED, this the 11th day of April, 2012.
TO GRANT: WALLER, C.J., CARLSON AND DICKINSON, P. JJ., LAMAR AND PIERCE, JJ.
CHANDLER, J, OBJECTS TO THE ORDER WITH SEPARATE WRITTEN STATEMENT JOINED BY RANDOLPH, KITCHENS AND KING, JJ.
CHANDLER, Justice,
objecting to the order with separate written statement: ’
¶ 1 I would deny the Petition for an Interlocutory Appeal. Craft’s complaint alleged that a “substantial event that caused the injury” occurred in Smith County. Craft resides in Smith County, and he used the computer in Smith County, where the computer malfunctioned and caused injury by destroying his transmission. His use of the malfunctioning computer was “a substantial event that caused the injury” in the county of his residence. The complaint also alleges that the continuing malfunction of the computer has caused continuing damage to his new transmission. Clearly, the continuing malfunction in Smith County is a substantial event that caused injury to his new transmission. The trial court was well within its discretion in denying Autozone’s request for a change of venue.
RANDOPLH, KITCHENS AND KING, JJ., JOIN THIS SEPARATE WRITTEN STATEMENT.